SHIRLEY *vs.* FABRIQUE.

APPEAL FROM THE PARISH COURT, FOR THE CITY AND PARISH OF
NEW-ORLEANS.

Where the appellee resides in any of the parishes within the state, service
of citation must be made *personally* on him or at his domicil, or the
appeal will be dismissed.

Every claim against a steam-boat, ship or vessel, on the last voyage,
for wages, supplies, materials, &c., for which the Louisiana Code gives
a privilege, will be allowed, when the services, supplies, &c., have been
rendered and furnished within and during the last sixty days before suit.

Sixty days will be taken as the duration of the last voyage, within which
all privileged claims against vessels depending on this voyage must be
presented and enforced.

This suit commenced by attachment. The plaintiff sued
the defendant as one of the makers of a promissory note, and
attached the steamer Manchester, which he owned and
commanded, to secure payment.

Several creditors of the boat intervened, and set up various
privileged claims for wages, supplies, and materials fur-
nished, &c., most of which were allowed.

The parish judge adopted the rule, that " every claim for
wages, supplies, materials, &c., for which the Code gives a
privilege on ships or vessels *for the last voyage,* should be
allowed when the services have been rendered, or the sup-
plies, materials, &c., have been furnished *during the last sixty
days.*"

Acting upon this principle, the amount of privileged claims
allowed were equal or more than the value or proceeds of
the boat.

The plaintiff and attaching creditor took an appeal, but it
was only available against one of the privileged claimants.

*I. W. Smith,* for the plaintiff and appellant:

1. There are but three rules by which the voyage can be
ascertained : 1st, When the departure of the vessel from one

port, and her arrival in another are proved; 2d, When,
without arrival in another port, more than sixty days have
elapsed before her return to the port of departure; 3d, When
the vessel, bound on a voyage of long course, has been more
than sixty days on her way, without claim of privilege.
*Louisiana Code*, 3212; *Code de Commerce*, 194.

2. The second rule for a voyage applies only to vessels upon fishing, trading, and other similar voyages. They may touch, load and unload at a dozen successive ports before they return to the port of departure. These partial voyages are to be taken cumulatively, and form but one principal voyage. *3 Pardessus, Cours de Droit Commercial, p. 570, No. 950; 1 Boulay Paty, Droit Maritime*, 166; *2 Emerigon*, 53. The third rule applies only to those ships which traverse the ocean, or make other very distant voyages. *1 Boulay Paty,* 164, 5; *3 Pardessus,* 14, 15.

3. The first rule governs this case. New-Orleans was the port of departure. Harrisonburg, after a navigation of eight or nine days, was the port of arrival. The distance between the two ports is not to be estimated. *1 Boulay Paty,* 165; *3 Pardessus,* 570, *No.* 950. In the discussion of the article in the *Conseil d'Etat,* it was suggested to fix the distance of any two ports for a voyage, but the suggestion was not acted on. By the French law, this would not be a voyage, for want of the interval of thirty days. Our jurists, in borrowing the same law from the Commercial Code, have adopted the views of the jurists of the *Corps Législatif,* when the law was presented to them in committee, viz.: to strike out of it the words, "*et trente jours après le depart.*" And why? "*Ils pensent,*" as the *procès verbal* informs us, "*qu'il suffit que le navire ait navigué d'un port à un autre port.*" 18 *Locré, Législation, &c.,* 260. *Idem.,* 372. By our law, there is no limitation, either of distance or time, to make a voyage; eight days answer as well as thirty.

4. By the second clause of article 3204 of the Code, the privilege is given, if the vessel has already navigated, for supplies, materials, &c., before her departure. By departure on the second voyage, this privilege is lost. 8 *Louisiana*

Reports, 188, "*Abat* vs. *Nartigue*." Nearly all the supplies, materials, &c., were furnished before her two last voyages.

5. There is no privilege in favor of Walton & Co., for premiums of insurance, because there is no evidence when the debt for insurance accrued; because notes at ninety days were taken for the insurance; and because payment, by Walton & Co., agents of the boat, of said notes, extinguished the debt for premiums.

*Hoffman, Vason* and *Ives,* for the appellees.

*Simon, J.,* delivered the opinion of the court.

This is a suit brought, by attachment, against the defendant, to recover from him a sum of five thousand dollars. The attachment was levied on the steamer Manchester, as the property of the defendant, and, during the pendency of the suit, several creditors intervened, claiming divers privileges on the proceeds of the sale of the boat. By an agreement entered into between all the interested parties, *pendente lite,* the property attached was sold on a credit of six and twelve months, the proceeds thereof remaining subject to the order of the court.

After a full and minute investigation of the contradictory rights of all the parties, the parish judge came to the conclusion that seven of the intervenors were not entitled to any privilege on the boat, and that all the other intervenors, thirteen in number, should have judgment by privilege for certain sums of money, amounting altogether to three thousand three hundred and twenty-eight dollars and sixty-nine cents, to be paid to them respectively, according to their rank, out of the proceeds of the sale of the property, and as directed by the article 3205 of the Louisiana Code, in case of insufficiency. From that judgment, the plaintiff took the present appeal.

From the returns of the citations of appeal, it appears that only two of the intervenors, Linn Woodward and Walton & Co., were cited to appear before this court; and therefore the judgment of the lower court should only be inquired into in

relation to the two appellees that have been cited; but it is contended by Linn Woodward, that the appeal ought to be dismissed as against him, because, his domicil being shown to be in the parish of Iberville, where he has permanently resided, the citation of appeal could not legally be served upon his attorney. It is clear that the service of the citation of appeal in this case ought to have been made on Linn Woodward personally, or at his domicil, as the service thereof upon his advocate is only permitted in case the appellee does not reside within the state. *Code of Practice, art.* 582.

Our inquiry is therefore confined to that part of the judgment of the Parish Court allowing Walton & Co. a privilege for the sum of seven hundred and seven dollars and three cents, a part of which is for premiums due for insurance, and paid by the intervenors as the agents of the boat. There is not any satisfactory evidence in the record, fixing the length of the last voyage of the steamer previous to her being attached; and were we to adopt the position taken by the plaintiff's counsel, that the intervenors are not entitled to any privilege under the article 3204 of the Civil Code, except when the services have been rendered, or the supplies, materials, &c., have been furnished for or during the last voyage, we should be without any data to fix the precise period of the privileges, or it would be so vague and uncertain, that we would be unable to render justice to the parties. It may be true, that a regular voyage from New-Orleans to Harrisonburg does not take more than from fifteen to twenty days, but circumstances may prevent the boat's return to the city, and there are instances in which, during the low stage of the waters, steam boats have been detained for more than a month. Under this view of the case, we think the parish judge was correct in adopting, as his rule, on which the right of privilege should be based, the period of sixty days previous to the issuing of the attachment; and we come the more readily to this conclusion, that it appears to have been the general and uniform construction put on the articles of our Code in relation to our inland navigation.

*Margin notes:*

EASTERN DIST.
*March,* 1840.

SHIRLEY
*vs.*
FABRIQUE.

Where the appellee resides in any of the parishes within the state, service of citation must be made *personally* on him or at his domicil, or the appeal will be dismissed.

Every claim against a steamboat, ship or vessel, on the last voyage, for wages, supplies, materials, &c., for which the Louisiana Code gives a privilege will be allowed, when the services, supplies, &c., have been rendered and furnished within and during the last sixty days before suit.

Sixty days will be taken as the duration of the last voyage, within which all privileged claims against vessels depending on this voyage must be presented and enforced.

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed, at the costs of the appellant, with regard to all the intervenors except Walton & Co., and that, as to them, the judgment of the Parish Court be affirmed, with costs.