## SCOTT v. HIS CREDITORS.

Art. 3194 of the Civil Code does not apply to the case of the vendor of a steamer; the privilege to which he is entitled is established by art. 3204, s. 8.

The vendor of a steamer engaged in making voyages between a port in this State and the ports of another State, will retain a privilege on the boat only for sixty days from the date of the sale. C. C. 3212.

The vendor's privilege for supplies furnished to a steamer engaged in making voyages between a port of this State and those of another State, continues only for sixty days from the date at which the articles were furnished.

The provisional seizure of a steamer by a privileged creditor will suspend the prescription running against his claim; but will not suspend prescription as to the claims of other creditors.

APPEAL by the syndic of the creditors of *Scott* from a judgment of the Third District Court of New Orleans, *Strawbridge,* J. presiding. *Roselius,* for the appellant. *Grivot, Clarke, Elwyn* and *Fraser,* for different opponents. The judgment of the court was pronounced by

SLIDELL, J.   This appeal is from a judgment distributing the proceeds of the sale of a steamer, surrendered by the insolvent.   *Osborne* claimed and was allowed a privilege as vendor.   The sale was made by him to *Scott*, on the 12 August, 1843.   The steamer subsequently plied in the New Orleans and Louisville trade.   *Scott* made his insolvent surrender, on the 24 November, 1843. A judgment creditor, *Johnson*, whose transferee, *Smith*, contests *Osborne's* claim of privilege, acquired a privilege by seizure of the steamer under a *fieri facias*, on the 22 Nov. 1843.   By the seizure under the *fieri facias* it is clear that the judgment creditor acquired a privilege.   Code of Pract. art. 722.   He concedes that the privilege thus acquired would be inferior to those special privileges upon ships and vessels which arise from the nature of the debts, and are accorded by the Civil Code; but contends that, if *Osborne* ever had the vendor's privilege, it has been lost by lapse of time.   It is erroneously argued by *Osborne* that his case falls under art. 3194 of the Civil Code.   That article establishes the privilege of the vendor of moveable effects, and allows it while the property still remains in the possession of the purchaser.   If there were no other legislation, it might perhaps be considered as covering the case of a vessel.   But that case is expressly provided for in the chapter which treats of privileges under the special head of Privileges on Ships and Merchandise, and it is there that we must look for the law of this case.   The eighth clause of article 3204 covers the claim of *Osborne*—" Sums due to sellers "—" Les sommes dûes aux vendeurs."   This privilege is not coexistent with the possession of the purchaser as in the case of moveables, but is of a much more limited duration.   It was held in the recent case of *Lee* v. *His Creditors*, 2 An. R. 599, that the extreme term for the duration of privileges on steamers, when engaged in making voyages between this port and those of other States, is sixty days.   This boat was so employed, and made a trip after the sale by *Osborne*; and a period of more than sixty days intervened between the sale and the *cessio bonorum*.   The vendor's privilege was therefore clearly lost.   See also Civil Code, art. 3212.   *Shirley* v. *Fabrique*, 15 La. 140.

The claim of *Folger* for ship chandlery &c., was composed of items, some of which originated more than sixty days prior to the *cessio bonorum*.   To the extent of such items the allowance of privilege must be reduced.   It was contended by this creditor that the prescription ceased to run against his claim as soon as the boat was provisionally seized by another creditor, which seizure took place more than one month before the *cessio bonorum*.   The seizure certainly had that effect in favor of the seizing creditor; but we know of no rule of law which would extend that effect to a stranger to the proceeding.

We find no proof of the claim of *John Cottell*.

Other changes in the tableau have been demanded in argument; but those we have stated are the only cases in which we find error.   The tableau must be amended accordingly,

It is therfore decreed that, the judgment of the District Court be amended by placing the claim of *James H. Smith*, transferree of *Johnson*, and the claim of *Peck*, on the tableau of distribution with a privilege under their seizures, to rank after the privileges for supplies set forth in the decree of the District Court under the number Twelve, with the exception of the claim of *John Cottle*, which is dismissed, and the claim of *Folger & Blake*, which is reduced to twenty-three dollars and thirty-four cents; that the claim of *Osborne* be consid-

SCOTT
*v.*
CREDITORS.

SCOTT
v.
CREDITORS.

ered and classed as an ordinary debt; that the tableau thus amended be approved and homologated; and that the costs of this appeal be paid out of the funds in the hands of the syndic.