THE STATE OF NEBRASKA, EX REL. JASON G. MILLER, APPELLEE, V. LANCASTER COUNTY, APPELLANT.

13 223
19 482
13 223
30 527
13 223
144 498

1. **Mandamus.** A mandamus under our practice is an action at law, and is reviewable only on error, and not by appeal.

2. **Dismissal of Appeal.** Where an appeal is dismissed, and it is necessary to file an amended transcript in order to show the judgment sought to be reviewed, leave will not be granted to file a petition in error.

MOTION to dismiss appeal.

*Ricketts & Wilson,* for the motion.

*Harwood & Ames, contra.*

BY THE COURT.

In May, 1882, the relator commenced proceedings by mandamus in the district court of Lancaster county to compel the defendant to act upon à certain claim filed by him against the county. The defendant filed a return in the form of an answer to the writ, to which the relator filed a demurrer. The defendant appeal to this court. The relator moves to dismiss the appeal as being unauthorized.

Appeals are authorized by statute in actions in equity, but a proceeding by mandamus is strictly a legal action. In *Commonwealth v. Dennison,* 24 How., 97, TANEY, CH. J., says: "A mandamus in modern practice is nothing more than an action at law between the parties, and is not now regarded as a prerogative writ." An action at law can be reviewed only on error. The motion to dismiss the appeal must therefore be sustained.

The attorney for the defendant asks to have the transcript retained in this court, and for leave to file a petition in error. This has been permitted in some cases, where in

furtherance of justice the application was made within the time limited by the statute for filing a petition in error, upon such terms as to costs as seemed proper—*Stewart v. Carter*, 4 Neb., 564; but in no case where it was necessary to file an amended transcript in order to show the judgment sought to be reviewed.

The motion must be sustained.

MOTION SUSTAINED.