SCHOOL DISTRICT No. 42, OF PAWNEE COUNTY, PLAINTIFF IN ERROR, v. FIRST NATIONAL BANK OF XENIA, DEFENDANT IN ERROR.

1. **School District Bonds.** The bonds sued on purport to be signed by Peter Robertson, moderator, John G. Winckler, director, and William Richards, treasurer. They were dated October 16, registered October 23, and negotiated and issued by the district after the latter date. The said William Richards having been appointed director, and having accepted said office October 22, *Held*, That he will be presumed to have signed the said bonds after his appointment, notwithstanding the date of the bonds.

2. ———. There was evidence to the effect that the name of John G. Winckler, director, was not placed on the bonds by his own hands; that he being of advanced age and feeble health had

about that time always made use of his son as his amanuensis to write his name to all papers, and the bonds were signed in that way; and there also being evidence that Mr. Winckler treated the signature purporting to be his to the bonds as his own, by participating in the negotiation and sale of the bonds, *Held*, That the bonds are the valid bonds of the district,

3. ———: STATUTE OF LIMITATIONS. There being evidence that the county commissioners levied taxes on the taxable property in said school district for the purpose of paying the interest on said bonds, and to provide a sinking fund for the final redemption of the same; that such taxes were collected by the county treasurer and paid on said bonds within five years next before the commencement of said action; *Held*, That such payment was sufficient to take the bond upon which it was paid and endorsed out of the statute of limitations.

ERROR to the district court of Pawnee county.    Tried below before BROADY, J.

*T. Appleget & Son*, for plaintiff in error.

*G. M. Humphrey*, for defendant in error.

COBB, J.

This action was brought in the district court of Pawnee county by the defendant in error against the school district, plaintiff in error, on two papers purporting to be the bonds of said district, issued for the purpose of borrowing money to build a school-house.    The plaintiff claimed in its petition to be a *bona fide* purchaser of the bonds, for value, before maturity, in the regular course of business, and without notice of any defense to or defect in the said bonds.

The defendant made answer in which it denied that there ever was a regular or legally constituted meeting of the electors of the district which authorized the issuance of bonds; denied that the school district made payments on said bonds as set forth in the petition, or authorized any one to make them; denied that the cause of action

arose within five years; denied that the plaintiff is an innocent purchaser before due for value; denied the indebtedness; denied that the person who signed his name to the bonds as treasurer was at the time treasurer of the district; and denied that the defendant executed the bonds in controversy. There was a trial to the court (a jury being waived by both parties) which found for the plaintiff. A new trial being refused and judgment rendered for the plaintiff, the cause was brought to this court on error. Three principal points are relied on:

1. The court erred in admitting the bonds sued on in evidence.

2. The court erred in admitting the books of the county treasurer in evidence.

3. The court erred in admitting the books of the county clerk in evidence.

Under the first point it is not denied that the bonds are fair on their face, and each accompanied by a certificate showing that they were regularly registered according to the requirements of the statute then in force. But the bonds bear date the 16th day of October, 1873, and are signed by John G. Winkler, director, Peter Robertson, moderator, and William Richards, treasurer; while it appears that at that date H. C. Mayberry was the treasurer of the district. According to the county clerk's certificate, the bonds were registered on the 23d day of October, and the evidence is conclusive that they were not in fact issued or parted with by the officers of the district until on or after that date, and it appears by the records of the school district, plaintiff in error, received in evidence without objection, that William Richards was appointed treasurer of said school district on the 22d day of October, 1873. This was done at a special meeting and to fill the vacancy caused by the removal of H. C. Mayberry. As I understand it, the true date of the issuance of bonds by a municipal or other corporation is the day when it actu-

ally parts with the control or custody of them pursuant to contract, and not necessarily the day of the date which they bear.    There is nothing in the law which requires it, nor is it by any means a universal custom or practice for all of the officers of a corporation who sign bonds or other commercial paper to sign the same at the same time.   And, accordingly, it appearing that William Richards was not district treasurer on the 16th, the day upon which the bonds bear date, and was such treasurer on the day on which they were registered, and a day prior to their being actually issued by the district, he will be presumed to have signed them on the latter day when he might lawfully do so, rather than on the former, when he might not.

There was evidence tending to prove that the name of John G. Winkler, director, to the said bonds was not in his own proper hand-writing.    Such evidence was to the effect that Mr. Winkler, being of advanced age and feeble health, had, about that time, always made use of his son as his amanuensis to write his name to all papers, and the bonds in question were signed in that way.    There was also evidence to the effect that said John G. Winkler treated the signature purporting to be his to these bonds as his own, by participating in the negotiation and sale of the bonds. These facts, being found for the plaintiff by the court, are conclusive of the validity of the bonds in the hands of a *bona fide* purchaser for value, before maturity, in the reg-,ular course of business, which the plaintiff below is con-clusively shown to have been.

The second and third points arise upon the defendant's plea of the statute of limitations as to the bond for two hundred dollars, and will be considered together.   The bond to which the above plea was directed became due and pay-able, according to its face, on the 1st day of October, 1875, and the action having been commenced on the 26th day of July, 1882, the claim was barred by the statute unless saved by a new promise or part payment made within five

years next before that date. The plaintiff relied upon three partial payments made upon said bond by S. H. Cummins, treasurer of Pawnee county, to take said bond out of the statute of limitations, said payments having been endorsed on said bond by said county treasurer, and set out in the petition as follows: " Paid on the within note, March 22, 1878, twenty-five dollars; Paid on the within bond, April 30, 1878, $60.25; . Paid on the within bond June 15, 1878, $54.00; Signed, S. H. Cummins, Co. Treas."

The legislature of 1875 passed an act (Laws of 1875, p. 185) which provided that it should " be the duty of the board of county commissioners of each county to levy annually upon all the taxable property in each precinct, or township, and school district, in such county, a tax sufficient to pay the interest accruing upon any bonds issued by such precinct, township, or school district, and to provide a sinking fund for the final redemption of the same; such levy to be made with the annual levy of the county, and the taxes collected with other taxes, and when collected shall be and remain in the hands of the county treasurer a specific fund for the payment of the interest upon such bonds, and for the final payment of the same at maturity," etc. This act was declared to be unconstitutional and void by this court in a cause heard in 1880 (*B. & M. R. R. Co. v. Saunders County,* 9 Neb., 507), but nevertheless it was acted upon throughout the state for several years, and during the period of time covered by the principal transactions involved in this case other than the execution and sale of the bonds sued on. The books of the county treasurer and county clerk, introduced by the plaintiff on the trial of this cause in the court below, and upon the overruling of its objections to which the plaintiff in error bases its second and third points, were introduced to prove that for the years therein specified the county commissioners of Pawnee county levied a tax upon the taxable property in the said school district for the purpose of providing a sinking fund for the final redemption

of said bonds at maturity, and that the payments endorsed on said bond by S. H. Cummins, county treasurer, as hereinbefore stated, were made out of such fund. I think that the evidence was admissible. This money belongs to the district it was appropriated by the terms of the statute, then supposed to be valid and binding, and which was then being universally acted upon as such, and I think that the payment of such money, on the one hand, and the receipt of it, on the other, must be accorded all the legal effect of a direct payment by the district and receipt by the holder of the bond. I think that the evidence was admissible, and competent to take the case out of the operation of the statute of limitations.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.