STATE, EX REL. CHEMICAL NATIONAL BANK, v. SCHOOL DISTRICT No. 9, SHERMAN COUNTY, ET AL.

[FILED OCTOBER 7, 1890.]

1. **Limitation of Actions:** A PROCEEDING BY MANDAMUS, not being otherwise provided for in the statute of limitations, *held*, to fall under the 16th section of the Code, and is barred at the end of four years.

2. ———. That the statute of limitations, although confined in terms, applies to all claims that may be made the ground of action at law, in whatever form they may be presented.

ORIGINAL application for *mandamus*.

*Dawes & Foss*, for relator.

*G. M. Lambertson, contra.*

Cases cited by counsel are in the main referred to in opinion.

COBB, CH. J.

The Chemical National Bank of New York city, as relator, filed its petition August 31, 1888, for a peremptory writ of *mandamus* to compel the school board of district No. 9, of Sherman county, to report the indebtedness of said district, and the rate and amount of taxes required to pay the same, to the county clerk, and the county commissioners, commanding them to levy a tax upon all the taxable property of the citizens of said district to pay such indebtedness, or to pay one-third thereof the first year ensuing, and an equal amount annually until the whole be paid, and commanding the county treasurer to collect and retain the same in special fund, and as often as $100 should be collected, to pay over the same to the clerk of the supreme court, to be by him paid to the relator, on account of two certain school district bonds, lawfully issued by said district and held by the relator, numbered 5 and 8, respectively, for $500 each, dated July 1, 1874, payable in six years from date, with interest at ten per cent per annum, amounting in all to $2,105, for the assessment, collection, and payment of which demand had been duly made, which demand has been neglected and refused by said district board and said county officers, and no part thereof has been paid except such interest coupons as became due prior to January 1, 1879, which were paid.

The defendants appeared and demurred to the petition.

I. That it fails to state a cause of action.

II. That the cause of action is barred by the statute of

limitations, or did not accrue within five years next preceding the filing of the petition.

The relator claims that the defendants admit, by demurrer, the facts set up in the petition; that district No. 9 is a duly organized school district; that it borrowed, by legal methods, the money represented by the bonds Nos. 5 and 8, used it for school purposes within and for the district, and paid the interest due prior to January 1, 1889.

It contends that the demurrer should be overruled, because "there is no doubtful question of the statute of limitations not running against this cause of action, in any former decisions of this court, as claimed by defendants." That the distinction between a school district warrant, for money due, and a school district bond negotiated for the loan of money, is plain and evident, and ought not to be subject to the operation of the statute of limitations, for the reason that the warrant can only be drawn upon funds already provided and remaining in the treasury, and the bonds are issued as the obligation of the district to pay that amount, at a future day, on the public faith of the officers, and upon the presumption that they will do their duty in levying and collecting taxes in order to pay the bonds according to their legal purport. It contends that, under secs. 645–46–47–48 of the Code, *mandamus* should always issue where the right to require performance of the act is clear, and where no other specific remedy is provided; and contends further that it is an established doctrine in the construction of statutes of limitation that cases within the reason and not within the words of the statute, as in this instance, are not barred, but may be considered as omitted cases in the act, the legislature not deeming it proper to limit them.

In support of the application, the relator's counsel cites the decisions of the supreme courts in several states. In *Smith, Admr., etc., v. Lockwood, Exr., etc.,* 7 Wendell, 241, it was held, in the state of New York, in the year 1831,

"That the statute of limitation is not a bar to every action of debt, but only to those brought for arrearages of rent, or founded upon any contract without specialty; and that the settled construction of the statute is, that it applies solely to actions of debt founded upon contracts in fact, as distinguished from those arising from construction of law."

In *Bass v. Bass*, 6 Pickering, 362, it was held, in Massachusetts, in 1828, in an action between merchants, on an account for goods sold and delivered, that, although in a case in New York [5 Johns. Ch. Rep., 522] Chancellor Kent had reviewed the authorities, and had come to the conclusion that merchants' accounts are within the statute, where there is no item within six years, yet in a case reported 5 Cranch, 15, the court maintained the contrary doctrine; and, as the language of the Massachusetts statute is clear, the court will ground its decision upon it. The words of the statute are: "All actions of account, and upon the case, other than such accounts as concern the trade of merchandise between merchants, their factors or servants, shall be commenced within the time limited. Such accounts are not within the statute. This is the most natural construction, and the only one the words of the statute will allow."

In *Jordan v. Robinson*, 15 Me., 167, the suit was an action of debt on a judgment of the supreme court of New Brunswick, British Province, rendered in 1818, to which was pleaded the general issue and the statute of limitations. The court held, "That the obligation is not a debt grounded upon any lending or contract within the meaning of the statute, but looking to the consideration of the judgment we find it founded upon an express contract, but one excepted from the operation of the statute, being rendered upon a note in writing for the payment of money, attested by a witness." Judgment was for the plaintiff in the year 1838.

In *Keith v. Estill*, 9 Ala., 669, the action was brought on

a judgment of the county court of Franklin county, Tennessee, rendered in 1820. The statute of limitations was pleaded, the plaintiff demurred, and the court overruled the demurrer. The supreme court, in 1840, Ormond, J., said: "I should be willing to rest the decision on the construction of our statute, that the framers of the act by the word 'contract' did not contemplate judgments, and that it is a *casus omissus*. The contrary opinion has only been supported on the ground that a foreign judgment is merely *prima facie* evidence of a debt; but the judgments of our co-states, rendered on service of process, are conclusive evidence of the debt when sought to be enforced in any other state." From this opinion, Goldthwaite, one of the justices, dissented, and said, in his judgment, the plea interposed was a complete bar to the action.

In *Bedell v. Janney*, 4 Gilman, 193, the supreme court of Illinois, in the year 1847, held that it was then a well established doctrine that cases within the reason but not within the words of the statute of limitation, are not barred, but may be considered as omitted cases which the legislature had not deemed proper to limit."

In the case of *Garland v. Scott*, 15 La., 143, it was held by the supreme court of that state, in 1860, that " statutes of prescription and limitation could not be extended from one action to another, nor to analogous cases, beyond the strict letter of the law."

It will not be disputed that anciently from 1550 to 1800, and subsequently, the views and arguments offered by the relator's counsel in this case, and the precedents cited by him, in their own day, were the accepted rule and authority as to the significance and force of the writ of *mandamus*. But those days are past, and the economy of the law has enlarged the rule. It has been extended in this instance, as in many other remedies, and *mandamus* from a prerogative writ of the crown, or the state, to enforce an official duty, has modernly come to be an action at

law involving all the merits of the inquiry.    Hence demurrer is entertained to the relator's information.

The important question raised by the demurrer is that of the statute of limitations applicable to the cause of action described by the relator.

It was given out from this court, as early as 1870, in the case of *Brewer v. Otoe County,* 1 Neb., 382, that "the section of the Code of Civil Procedure providing that 'an action upon a specialty, or any agreement, contract, or promise in writing, or foreign judgment, can only be brought within five years after the cause of action shall have accrued,' applies as well to actions where counties, or other municipal corporations, are parties as between private persons, the law recognizing no distinction in suitors, but applying the same rule to all."   The relator's cause of action would seem to be within this rule under four of the conditions mentioned.

In the case of *May v. The School District No. 22 of Cass County,* 22 Neb., 205, this rule was maintained.   The plaintiff sued on a warrant for $75, dated September 9, 1879, payable eighteen months after date.   More than five years had elapsed after the maturity of the warrant before suit was commenced.   The statute of limitations was applied, and it was held that "the maxim, *lapse of time is no bar to the rights of the sovereign,* applies only to a sovereign state, and not to municipal corporations deriving their powers from the state, although their powers, in a limited sense, are governmental ; and thus it appears that the statute runs for and against cities, towns, and school districts in the same manner that it does for and against individuals."

Arguments need not be prolonged in support of this proposition.    It has been considered and settled. (*The City of Cincinnati v. Evans,* 5 O. St., 594 ; *Same v. Church,* 8 Id., 298 ; *Lane v. Kennedy,* 13 Id., 42 ; *School Directors v. Georges,* 50 Mo., 194; *Kennebunkport v. Smith,* 22

Me., 445; *Clements v. Anderson*, 46 Miss., 581; *Evans v. Erie County*, 66 Pa. St., 225; *St. Charles County v. Powell*, 22 Id., 522; *Callaway County v. Nolley*, 31 Id., 393; *Abernathy v. Dennis*, 49 Id., 469; *Perrenthal v. San Francisco*, 21 Cal., 351; *Clark v. Iowa City*, 20 Wall. [U. S.], 583; *De Cordova v. Galveston*, 4 Tex., 470; *Underhill v. Trustees, etc.*, 17 Cal, 172; *Baker v. Johnson Co.*, 33 Ia., 151; 2 Dillon on Munic. Corp., sec. 668.)

The question of the statute of limitations to be applied to municipal corporations, was again considered in this court, in July, 1888, in the case of the *Village of Arapahoe v. Albee*, 24 Neb., 242, and it was held that "the statute will run against a warrant issued by the proper authorities of a village, and the warrant will be barred in five years from the time it becomes due," citing the decision in the case of *Brewer v. Otoe County*, *supra*.

And again in the case of *The School District No. 42 of Pawnee County v. The First National Bank of Xenia, Ohio*, 19 Neb., 89, the district bonds of the plaintiff in error, the cause of action sued upon, were signed by the moderator, director, and treasurer of the school district, dated October 16, 1873, registered the 23d following, and issued by the district after the latter date. To one of the bonds for $200, due October 1, 1875, there was pleaded the statute of limitations, the action having been commenced July 26, 1882, and there being evidence and indorsements on the bond, of the payment by the county treasurer, of interest thereon, March 22, 1878, $25; April 30, 1878, $60.25; June 15, 1878, $54, it was held that such evidence was competent to take the bond out of the operation of the statute of limitations, which otherwise would have barred the action.

If it be insisted that limitation is not to be applied to *mandamus*, as to the duties of municipal officers, it is answered that sec. 2 of title 1 of the form of civil actions of the Code of Civil Procedure declares that "the distinc-

tion between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished, and in their place there shall be hereafter but one form of action, which shall be called a civil action," the complainant to be known as the plaintiff, and the adversary as the defendant in the case.

In consonance with this provision it was held, in the case of *The State, ex rel. of J. G. Miller, v. The County of Lancaster*, 13 Neb., 223, that "a *mandamus*, under our practice, is an action at law, and is reviewable only on error and not by appeal." This decision would appear to settle all the important questions contended for by the counsel for the relator, against his expressed views. Nor is the decision inconsistent with the modern rule of *mandamus* in this country.

In the case of *The Commonwealth of Kentucky v. The Governor of the State of Ohio*, 24 Howard, 66, as early as 1860, the chief justice of the United States, after remarking that "the court is sensible of the importance of this case, and of the great interest and gravity of the questions involved in it which have been raised and fully argued at the bar," held "that a writ of *mandamus* does not issue in virtue of any prerogative power, and in modern practice is nothing more than an ordinary action at law in cases where it is the appropriate remedy." This application was for a writ of *mandamus* to compel the defendant to deliver up to the custody of the plaintiff the body and person of one Willis Sago, indicted of the offense of seducing and enticing *Charlotte*, a slave of C. W. Nuckols, to leave her master and escape into Ohio. The cause of action was fully inquired into, and the writ denied. (*Kendall v. U. S.*, 12 Peters, 615.)

This new view, if it may be called so, has been so well settled, and so apparently proper, that our Brother Maxwell in his work has adopted it, and said that "in modern practice *mandamus* is nothing more than an action at law

between the parties." (Maxwell, Pl. & Pr., 729.) And while this principle cannot be misunderstood in this state, it does not seem to be less common to others. In the case of *Dement v. Rokker*, 126 Ill., 189, it was held "that *mandamus* was an action at law, to be governed by the same rules of pleading as in other actions, and was within the limitation act which provided that 'all actions founded upon any judgment shall be commenced within sixteen years after the cause of action accrued, and not thereafter.'" The supreme court of Illinois held further that the defense of this statute was good, and said that "obviously this proceeding was comprehended within the term 'action' used in the statute." (*Peoria County v. Gordon*, 82 Ill., 437.)

Mr. J. L. High, in his important work on Extraordinary Remedies, sec. 355, lays it down that, in cases where the aid of *mandamus* is sought to compel public officers to draw their warrant for the payment of money "the right to relief, in this class of cases, may be barred by the statute of limitations." That we believe to be this case, and we hold broadly that our statute of limitations, although confined in terms, applies to all claims that may be made the ground of action at law in whatever form they may be presented; the same falling within the meaning and purport of section 16 of the Code, when not falling within any other.

It does not seem doubtful, from the precedents and authorities cited, that the demurrer in this case is well taken, and that the statute of limitations is a bar to the writ, which is denied at the costs of the relator.

WRIT DENIED.

THE other judges concur.