State, ex rel. Gage Co., v. King.

STATE, EX REL. GAGE COUNTY, V. J. F. KING.

[FILED MARCH 9, 1892.]

Limitation of Actions: A PROCEEDING BY MANDAMUS is
barred by the statute of limitations at the expiration of four
years from the time the right to the writ accrued.

ERROR to the district court for Gage county. Tried
below before APPELGET, J.

*Hugh J. Dobbs,* for plaintiff in error, cited: *State, ex rel.
Cuming Co., v. Shearer,* 29 Neb., 477; *Wilcox v. Saunders,*
4 Id., 587; *Chinn v. Trustees,* 32 O. St., 236; *People v.
Chapin,* 10 N. E. Rep. [N. Y.], 143; *People v. Common
Council of Syracuse,* 78 N. Y., 56; *People v. Supervisors
of Westchester,* 12 Barb. [N. Y.], 446; Moses on Man-
damus, 190; *State v. Meagher,* 57 Vt., 398; *Williams v.
Co. Com'rs,* 35 Me., 345; *Woodbury v. Co. Com'rs,* 40 Id.,
304; *Dane v. Derby,* 54 Id., 102.

*Griggs, Rinaker & Bibb, contra.*

NORVAL, J.

The relator on the 6th day of October, 1890, filed its
petition in the district court of Gage county for a writ of
*mandamus* to compel the respondent to pay into the treas-
ury of said county the sum of $1,129.50, alleged to be
due from the respondent as the former treasurer of said
county. The petition alleges, in substance, that the defend-
ant was the duly elected, qualified, and acting treasurer of
said county from January 5, 1882, until January 6, 1886;
that as such treasurer he collected and retained the above
sum in excess of the salary of said office, and in excess of
payments made by him for the services of deputies and as-
sistants, and of all payments made by him into the county

treasury of said county on account of said office; and that the respondent has at all times refused and neglected, and does now neglect and refuse, to pay said sum or any portion thereof into the treasury of said county.

The respondent demurred to the petition on the following grounds:

1. That said petition does not state facts sufficient to constitute a cause of action.

2. That it appears on the face of relator's petition that the alleged causes of action therein set forth did not accrue within four years from the time of the commencement of this action, and are barred by the statute of limitations.

The demurrer was sustained, and the relator electing to stand upon the petition, the action was dismissed.

It was the duty of the respondent, immediately upon the expiration of his term of office, to pay over to his successor in office all moneys then in his hands belonging to Gage county, and upon his failure so to do a cause of action accrued in favor of the county. It will be observed that the petition was filed in the court below more than four years after the expiration of the respondent's term of office and after the accruing of the alleged cause of action. The case, therefore, falls directly within the rule laid down by this court in *State, ex rel. Chemical Natl. Bank, v. School District No. 9, Sherman County*, 30 Neb., 520, where it was held that the statute of limitations applies to the proceeding by *mandamus*, and that such an action is barred at the expiration of four years. Although there are respectable authorities, some of which are cited in the brief of counsel for relator, which support the doctrine that proceedings in *mandamus* are not civil actions, within the meaning of the Code, and that the statute of limitations does not apply to applications for *mandamus*, yet we do not see in the cases cited sufficient cause for overruling our own decision in the case above referred to. The question and the authorities bearing thereon were fully considered

at that time, and the arguments of the author of that opinion, it seems to us, are unanswerable. The decision is adhered to.

The question whether a demand and refusal to act must precede an application for a writ of *mandamus*, when the relation is on the part of the public to enforce a duty the respondent owes the public, we will not now consider, for the reason no objection is made on that ground to the sufficiency of the petition, nor is the point raised in the brief of counsel for respondent, although the same is discussed in the relator's brief.

As the action is barred by the statute of limitations, the district court did not err in sustaining the demurrer to the petition. The judgment is

AFFIRMED.

THE other judges concur.