F. C. BLANCHARD, TAX COLLECTOR, AND JOSEPH E. BALDWIN, COUNTY JUDGE, APPELLANTS, VS. THE STATE OF FLORIDA, EX REL. CALHOUN & DEWITT, APPELLEES.

Each member of a firm of practicing lawyers must pay the license taxes and fee prescribed for lawyers practicing their profession, by the act of June 10th, 1891, R. S. p. 929 *et seq.*, and take out the required license, before he can lawfully practice his profession.

Appeal from the Circuit Court for Putnam county.

The facts in the case are stated in the opinion of the court.

*Wm. B. Lamar, Attorney-General,* for Appellants.

### BRIEF OF ATTORNEY-GENERAL.

The Legislature has the power to levy a license or occupational tax upon lawyers. Young vs. Thomas, 16 Fla., 169.

An attorney is but an officer of the court. *Ex parte* Garland, 4 Wall., 332.

He does not hold an office; he exercises merely a privilege or franchise. Seymour vs. Ellison, 20 Johnson, 492.

Upon such privilege or franchise the State of Florida has levied a tax, a specific sum upon "all" lawyers. Words in statute are to be taken in their most general meeting. "All" includes "every one, or the whole number of particulars." Webster's Unabridged Dictionary, see All.

The license of court to practice law is a naked privi lege upon which the State may impose conditions. Lanquille vs. State, 4 Texas App., 312; Cooley on Taxation, 21, 384, 385, 388.

*R. W. & W. M. Davis, Gillis & Gillis* for Appellees.

There is an appeal from the decision of the Circuit Court granting a peremptory writ of mandamus compelling the Respondent to accept a single license tax from a firm of lawyers (the Relators) and to grant them a license for the sum of money required of a single lawyer.

Blanchard v. The State of Florida ex rel.—Opinion of Court.

The authorities upon the exact point involved are very meagre. One or two cases in Georgia decide that the Legislature *may* require the individual members of a firm to pay for seperate licenses. We do not con-test this point. To be sure the Legislature "may." But have they done so in Florida. The revenue law under which this license tax is levied says "all" law-yers and dentists shall pay, etc. Our contention is that the word "all" adds no strength to the section. If it had said "lawyers and dentists" it would have included all lawyers and dentists as effectually as the use of the word "all" could make it. The same law says "merchants" shall pay and "hotel keepers" shall pay and "keepers of bar rooms" shall pay, etc. Surely this means "all" merchants and hotel keepers and bar room keepers. Why not require each mer-chant to pay and each individual member of a firm of bar-keepers to pay?

We contend that a firm or co-partnership is in law one person. A firm of lawyers can only take one fee and conduct one side of a case. The word "all" in our revenue law is not synonymous with "each."

RANEY, C. J :

The sole question involved in this case is whether under the general revenue act of June 10th, 1891, R. S., pp. 929 *et seq.*, two lawyers associated as partners are entitled to a license as a firm or partnership upon

paying the license tax prescribed for one lawyer and the license fee ; or must each of them take out a separate license for himself on paying for himself the prescribed tax and fee. The former proposition, in our judgment, is erroneous, and consequently the judgment of the Circuit Judge awarding a peremptory writ of mandamus must be reversed.

The ninth section of the act provides that "no person shall engage in or manage the business, profession or occupation mentioned in this section unless a State license shall have been procured from the Tax Collector, which license shall be issued to each person on the receipt of the amount hereinafter provided, together with the County Judge's fee of twenty-five cents for each license." It then authorizes counties, incorporated cities and towns to impose further taxes of the same kind on the same subjects, with certain limitations not necessary to be mentioned. After prescribing the amount of the State tax to be paid for pursuing many other avocations, the same section enacts in its fourteenth subdivision, that "all dentists and lawyers practicing their profession in the State of Florida, shall pay to the Tax Collector in the counties where their office is located a license tax of ten dollars." It then in another paragraph regulates the issue of the license.

There is in these provisions nothing that affords any basis for the contentions urged in maintenance of the judgment appealed from ; nor is any authority cited

in their support. The plain declarations of the statute are, that no person shall practice the profession of a lawyer without having paid the license tax prescribed for all lawyers, and obtained the license in the manner provided. As all lawyers are required to pay the State tax of ten dollars, and any authorized county and municipal levies on the same avocation, each and every lawyer must do so, and no lawyer can lawfully practice his profession without having done so. Thus far there is no room for construction ; the sole function of the courts is the interpretation of the act according to the plain meaning of its words ; and as to their meaning there is no room for question or doubt. The assertion that a firm or copartnership is in law one person is mistaken ; it, on the contrary, is an association of several persons, and their firm name is but a short way of designating the several persons for the purposes of their association. Their separate personality is not lost, and they can neither sue nor be sued at law or in equity solely by such business appellation, nor without using their individual names. It is true that, as argued by counsel for relators, "a firm of lawyers can only take one fee and conduct one side of a case," but it does not follow from this essential principle of professional ethics and sound morals that the several individuals or lawyers composing the firm become either one person or one lawyer ; or that they will receive severally a smaller income than they would if they had not associated their industry, talents

and learning for the purpose of gain ; still should the result last stated, ensue, it is not a consideration or rule that enters into either the construction or interpretation of statutes.

Assuming that each member of a firm of "merchants" or "bar-keepers" is, as is suggested by counsel for appellees, not required to pay the full amount of the tax prescribed for merchants and dealers in spirituous, vinous or malt liquors, it is because in their cases, as in others, the tax is for each place of business, i. e., each store, or barroom, which is not true of lawyers and dentists and others. Again, it is altogether clear from the very terms of the act in the cases of circuses, theatrical shows and minstrel troupes, managers of theatres employing travelling troupes, variety shows, banks, banking firms, express companies, electric light, water works, gas light and telephone companies, that each member of, or individual composing, such companies or association, banks or banking firms, is not chargeable with a separate tax, or required to have a separate license, but the tax is upon the association, company, bank, or firm as such. These distinctions, thus clearly made by the act, account in part, if not altogether, for the use of the terms "person or persons, firm or association," in the general penal provision, to be found in the tenth section, for punishing the doing without a license any business for which one is required. Such distinctions

are the subject of legislative discretion, and the courts can not extend to lawyers the more favorable consideration extended by the law-makers to other avocations, nor hold that such patent discrimination was either unintentional or ineffectual.

The judgment will be reversed, and the cause remanded for proceedings consistent with this opinion.