LEONARD FLAIT and SARAH FLAIT, Appellants, v. THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, Appellee.

(*June* 17, 1953.)

SOUTHERLAND, C. J., and WOLCOTT and TUNNELL, J. J., sitting.

*Albert L. Simon* and *Stephen E. Hamilton, Jr.*, for appellants.

*William F. Lynch, II*, Assistant City Solicitor, for appellee.

Supreme Court of the State of Delaware, No. 7, 1953.

WOLCOTT, J.:

This appeal presents the broad question of whether or not the doctrine of municipal immunity to suit is the law of this state. That doctrine is that the existence of a municipality's tort liability depends upon the test of whether or not the injury complained of was occasioned by the negligent performance of a governmental or corporate function. If the former is the case, no liability exists, but if the latter is the case the municipality is liable. The doctrine has been criticized by a number of legal writers as an erroneous and illogical extension of an initial misinterpretation of certain English cases by the courts of this country.[1] The appellants join the attack.

The complaint before us alleges that the appellants were injured by the negligent operation of one of the appellee's fire engines. The appellee's motion to dismiss the complaint was granted below on the authority of *Delaware Liquor Store, Inc., v. Mayor and Council of Wilmington*, 6 *Terry* 461, 75 *A.* 2d 272, a Superior Court decision applying the doctrine of municipal immunity to suit for a tort arising out of an accident involving one of the city's fire engines.

---

[1]See 34 *Harv. L. R.* 66; 34 *Yale L. J.* 1, 129, 239; 20 *Col. L. R.* 772; 19 *Va. L. R.* 97.

The appellants argue that none of the reasons stated in the many cases upholding the doctrine of municipal immunity to suit are sound in reason and logic. These reasons, five in number, are set forth in a note in 34 *Harv. L. R.* 66. The author of that note demonstrates that the reasons in fact are not logical reasons. We are frank to say that if this was a question of first impression, we would be disposed to accept the appellants' arguments against municipal immunity to suit for tort, since it would seem to be a matter of common justice that a loss occasioned by the negligent performance of a function designed to benefit the community as a whole should fall upon the community generally, rather than upon the hapless individual injured through no fault of his own. We think, however, that this is not a question of first impression before us and that we are bound by prior decisions of the courts of the state.

In *Mayor and Council of Wilmington v. Vandegrift,* 1 *Marv.* 5, 29 *A.* 1047, 25 *L. R. A.* 538, the former Court of Errors and Appeals held that the doctrine of municipal immunity to suit for torts arising out of the performance of a governmental function applied to the activities of the city constables.

In *Eastern Union Co. of Delaware, Inc., v. Moffat Tunnel Improvement District,* 6 *W. W. Harr.* 488, 178 *A.* 864, the former Supreme Court expressed approval of the doctrine, stating that irrespective of a provision in a municipal charter authorizing suits by and against the municipal corporation, the muncipal corporation is nevertheless not subject to be sued for all purposes,[2] and that suit may not be brought against it on account of acts done or omitted to be done in its governmental capacity.

The doctrine of municipal immunity to suit thus approved by the two former highest appellate courts of the state has been repeatedly applied in the trial courts. From 1849 to date there

---

[2]The present Charter of the City of Wilmington contains the following provision: "* * * The Mayor and Council of Wilmington * * * shall be and are hereby made able and capable in law * * * to sue and be sued * * * in all courts of law and equity * * *."

have been twenty-five reported instances of the imposition of liability for acts or omissions of city employees in connection with the maintenance and improvement of streets, sewers and parks, regarded for this purpose as corporate and not governmental functions. Opposed to this there have been three reported cases of the denial of municipal liability for the torts of policemen and firemen on the theory that these were governmental functions.

We think, therefore, in view of the repeated application of the doctrine of municipal immunity from suit by our courts, that we are not at liberty to ignore or overturn it. It is established by too long a series of judicial decisions. Any change must be made by the Legislature. We have little doubt but that this would be an appropriate and desirable field for legislative action because of the manifest injustices that can result from an absolute immunity granted a municipality. But requests for a change of policy involving an overthrow of long settled rules of law should be addressed to the Legislature rather than to the courts.

We conclude, therefore, that the doctrine of municipal immunity from suit for the torts of its employees is the law of this state. It remains to be seen whether in the case at bar the activity resulting in the injury was governmental or corporate in character. As we have pointed out, the Superior Court, in *Delaware Liquor Store, Inc., v. Mayor and Council of Wilmington, supra,* held that the furnishing of fire protection for the city was a governmental function. Indeed, the appellants conceded that it is almost uniformly held that the operation of a fire department by a municipality is a governmental function since it benefits all of the citizens of the municipality generally. The citation of authorities to this effect from other jurisdictions would serve but to lengthen this opinion to no purpose. They are practically unanimous in so holding.

We think the unanimity of view of the courts upon this question precludes us from holding to the contrary. The dis-

tinction between the governmental and corporate functions of a municipality is at best unsatisfactory, since all services maintained by the municipality are presumably for the benefit of the citizens generally. As long as the distinction is maintained in the law, however, the courts must cope with it. With respect to the maintenance of a fire department, however, there is no problem of application since all are agreed that this is a governmental function.

The judgment of the Superior Court dismissing the complaint is affirmed.