944

4931                                          320 S. W. 2d 272

Opinion delivered January 19, 1959.

[Rehearing denied February 23, 1959.]

*McCourtney, Brinton, Segars & Ellis,* for appellant.

*Gerald E. Pearson,* for appellee.

Carleton Harris, Chief Justice.  This appeal involves the construction of ordinance No. 757 of the city of Jonesboro, Arkansas, which provides for payment of an annual occupation tax by persons, firms, and corporations engaged in certain occupations, vocations, professions, et.. Appellant was charged on March 8, 1957, with ''engaging in or carrying on the profession of an attorney without first procuring an occupation license for year 1956  *  *  *  , and did fail, neglect or refuse to pay said occupation tax for year 1956  *  *  *  ,'' was convicted of said offense in Municipal court on April 1, 1957, and fined $37.50 and costs. On appeal to the Circuit court, this judgment was affirmed. Appellant is a member of the bar, duly licensed to practice, resides in Jonesboro, and is associated with other attorneys un-

der the firm name of McCourtney, Brinton, Gibbons and Segars. The case was submitted upon an agreed statement of facts, such stipulation providing *inter alia* that

"McCourtney is the head of the firm in general, controls all litigation, makes the business arrangements with clients, makes the decisions in general and in the conduct of each litigation, determines the retainers and fees, maintains the office space, owns and maintains the library, buys the books and stationery, is responsible for the payment of all contractual obligations of the firm, the fees are paid to him and he pays the costs and expenses of the litigations, the profit or loss is his on each case and upon the general business. (5) Brinton, Gibbons and Segars do not share in the profits and receive no division of the fees; each receive a salary for services; the head of the firm pays social security on each of them. (6) That there are four stenographers, one bookkeeper and accountant, two investigators or collectors and one janitor connected with the firm and Mr. Mc-Courtney pays salary or other remuneration to each of them. (7) It is conceded that the defendant did not pay the occupation tax for 1956."

It is also stipulated that during the year 1956, Brinton appeared in the Municipal, Circuit, Chancery and Federal courts for litigants.

The constitutionality of the ordinance is not questioned. Appellant simply contends that he is not liable for the payment of the tax under the stipulation, ordinance, or the statute authorizing the ordinance. It is also contended that even if appellant is liable for the tax under the provisions of the law, this particular prosecution is barred by the Statute of Limitations. There are, accordingly, two issues before the Court on this appeal. 1. Is appellant liable for the occupation tax? 2. If liable, does the Statute of Limitations bar this prosecution?

The ordinance, authorized by Section 19-4601, Arkansas Statutes (1947) Annotated, provides that it shall be unlawful for any person, firm or corporation, in the city of Jonesboro, to engage in or carry on certain busi-

nesses, occupations, vocations, professions, trades, or callings without first having obtained and paid a license, the amount of such license being fixed by the ordinance. The license, or tax, for lawyers is fixed at $25. Subsequent sections provide that each day of delinquency shall constitute a separate violation, provide a penalty of 20% of the amount of the tax, and subject the violator to a fine. Appellant asserts that under the stipulation, he is not engaged in the practice of law for himself, is only an agent for Mr. McCourtney, and is therefore not liable for the tax. In other words, he is simply McCourtney's employee, receiving a salary, and accordingly occupies the same status as the stenographers and other employees. Cases involving other occupations are cited, but we do not consider such cases pertinent to the issue at hand. Appellant is certainly engaged in the practice of law, as evidenced by his appearance in the various courts mentioned in the stipulation; the representation of litigants in court is practicing law, whether done as an individual, or under a firm name. One can only engage in the practice of this profession by being licensed to practice in his own right. He receives no license as an employee of another attorney. Individually, he stands as an officer of the court. In *Blanchard* v. *the State of Florida, ex rel.*, 30 Fla. 223, 11 So. 785, 18 L. R. A. 409, the question was whether two lawyers, associated as partners, were entitled to a license as a firm or partnership upon paying the license tax prescribed for one lawyer, or whether each was required to pay the prescribed tax. The Court, in its opinion, stated:

"The assertion that a firm or copartnership is in law one person is mistaken; it, on the contrary, is an association of several persons, and their firm name is but a short way of designating the several persons for the purposes of their association. Their separate personality is not lost, * * * ."

We consider appellant's contention to be without merit, and hold that he is subject to, and liable for the tax.

Section 10 of the ordinance provides as follows:

"All persons, firms or corporations failing or neglecting or refusing to pay their license or occupation tax between the first day of January and the 20th day of January of each year or within 20 days after the license or occupation tax becomes due, shall be subject to a penalty of twenty per cent (20%) of the amount of the license fee or occupation tax, as well as subject to a fine for having violated the Ordinance."

Appellant contends that the misdemeanor was completed on the day that Brinton became subject to the penalty, *i. e.,* January 21, 1956. The Information was filed March 8, 1957, more than one year after the aforementioned date, and he accordingly asserts that the offense is barred by the Statute of Limitations, citing Section 43-1603.[1] We do not agree. The Information charged that the offense was committed on December 31, 1956. While it is true that Brinton violated the provisions of the ordinance on January 21, 1956, it is equally true that he also violated the ordinance on December 31, 1956, and, for that matter, each day in between. *The pertinent fact is that he did not pay a tax for the year 1956* — that is the offense with which he is charged. The offense having been committed prior to the filing of the information, and on a day within the Statute of Limitations, appellant's contention must fail.

Judgment affirmed.

---

[1] Section 43-1603: "No person shall be tried, prosecuted and punished, for any offense less than felony, or any fine or forfeiture, unless the indictment be found or a prosecution instituted within one (1) year after the commission of the offense, or incurring the fine or forfeiture."