THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, Appellant, *v.* JAMES B. DUKES, Appellee.

JAMES B. DUKES, Appellant, v. THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, Appellee.

(*February* 10, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Stewart Lynch,* City Solicitor, for plaintiff.

*Edmund D. Lyons* (of the firm of Morris, James, Hitchens and Williams) for defendant.

Supreme Court of the State of Delaware, Nos. 55 and 57, 1959. Consolidated Appeals.

BRAMHALL, J.:

The questions raised by these appeals relate to (1) the right of the City to institute a civil suit to collect license fees where the only remedy expressly provided in the Ordinance is

a criminal penalty; (2) the applicability of the Ordinance in the case of a physician employed by another physician who operates a clinic for a hospital; (3) the question whether the Ordinance exceeds the authority provided in the statute; and (4) the question whether the statute of limitations operates against the City in a civil suit for the collection of the license fee.

The City brought suit against defendant, charging him with practicing medicine within the City of Wilmington since 1952 without having paid the license fee ordained to be paid by § 2062 of the *Revised Code of Wilmington*, 1942, providing that no one shall within the City of Wilmington engage in, among other businesses and professions, the practice of medicine without first having obtained a license therefor. The Ordinance provided a penalty for the violation thereof but did not expressly provide for any other action or remedy for the collection of the license fee, although in § 2064 of the Ordinance, after providing a penalty for its violation, we find the words "besides being liable to the payment of the license fee".

The authority of the City to pass such an Ordinance stems from 31 *Laws of Delaware*, Ch. 29, § 1 thereof, authorizing the City to issue licenses and require license fees from the "owner or owners of any vehicle, business, avocation, profession, pursuit, or calling, operated, carried on or engaged in, within the corporate limits of the City of Wilmington". Defendant denied that he was subject to the provisions of the Ordinance. The court below held that the Ordinance was valid and that the defendant was responsible for the license fee, but it also held that the statute of limitations was operative as to any license fees for the years preceding 1955 and that defendant therefore could not be held responsible for license fees prior to that time. Both the City and defendant appeal to this Court.

(1) We first consider the right of the City to institute a civil suit to collect the license fees alleged to be due.

Defendant contends that the Ordinance provides for but one method for the collection of license fees, a criminal proceeding, in which a penalty is provided for the violation thereof, and that in the absence of an express authority in the Ordinance, no other remedy may be invoked.

The City contends that the defendant became, and continued to be, liable for the payment of the license fee when he commenced practicing his profession within the corporate limits of the City and that he thereby impliedly contracted to pay the fee required by the Ordinance.

The Ordinance in question was enacted by virtue of the authority granted to the City under 31 *Del. Laws*, Ch. 29 (1929), the first paragraph of § 1 thereof, the pertinent part of said Act, being as follows:

"Section 1. That in order to provide for the payment of its debts and expenses the Council of the Mayor and Council of Wilmington in addition to the powers now conferred upon it shall have power and authority by ordinance or ordinances to issue licenses to and to require and receive a license fee from the owner or owners of any vehicle, business, avocation, profession, pursuit, or calling, operated, carried on or engaged in, within the corporate limits of the City of Wilmington including business occupations, animals and things not now exempted by law from tax in this State; provided, however, that no license shall be required from the owner of any vehicle who is not a resident of the City of Wilmington nor shall anything in this act apply to or affect any case wherein under existing laws a gross sum is paid to the State in lieu of all taxes under any and all laws of this State nor to any railroad company engaged in operating any railroad in this State under a lease or stock ownership thereof authorized by existing law."

The Ordinance in question provides in part as follows:
"* * * no person * * * without first having obtained a proper license therefor * * * shall within the limits of the

City of Wilmington, engage in * * * the practice of medicine
* * *.

"From and after the first day of April, A.D. 1953, no person
or persons, firm, company or corporation, without first having
obtained a proper license therefor, as hereinafter provided shall
within the limits of the City of Wilmington, engage in, prose-
cute, follow or carry on any trade, business, pursuit or occupa-
tion in this section hereinafter next mentioned, that is to say:
* * * *."

As the statute specifically provides that any such Ordinance
passed by virtue of the authority contained therein shall be "for
the payment of its debts and expenses", it is clearly for revenue
purposes. Obviously, the Ordinance based thereon is in the same
category. It is also clear from the Ordinance that the payment
of the license fee is a prerequisite for those engaged in the pur-
suit of the trades, businesses, professions, or other callings, there-
in enumerated.

██ The provisions of the general statute for the collec-
tion of taxes are generally not applicable to statutes or ordi-
nances relating to license fees unless expressly made so in the
statute or ordinance relating to licenses. See cases cited in 53
*C. J. S. Licenses* § 52, p. 682. As defendants state, and as the
decisions in this and other states hold, as a general rule a tax
is not based upon a contract, the consent of the taxpayer is not
necessary for its collection and the tax is in no sense a debt
within the meaning of the term. *Boyd v. Dillman*, 9 *W. W. Harr.*
231, 197 *A.* 830. *City of Detroit v. Proctor*, 5 *Terry* 193, 61 *A.*
2d 412.

█ We think that this holding should be construed in
the light of the rule that where a statute or ordinance fails to
provide an adequate remedy for the collection of license taxes,
it must be implied that it was intended to give to the taxing
agency the right to institute a civil suit for the collection of
the tax. *City of St. Louis v. United Rys. Co.*, 263 *Mo.* 387, 174

*S. W.* 78, 93, *State ex rel. Smith, Atty. Gen. v. Snell,* 127 *Kan.* 859, 275 *P.* 209. We believe that this is especially true in the case of a personal tax, such as a license tax, which is a tax upon the person and not upon any article or thing. See *State ex. rel. Smith, Atty. Gen. v. Snell, supra.*

This implication is not defeated by the fact that a penalty or fine is provided for failure to pay the license tax. Such a remedy is wholly insufficient since it provides only for the punishment for those who violate the Ordinance and does not provide directly for the payment of the tax. *City of Lexington v. Wilson,* 118 *Ky.* 221, 227, 80 *S. W.* 811. *Turner v. State,* 226 *Ala.* 269, 146 *So.* 601; *City of St. Louis v. United Rys. Co.,* 263 *Mo.* 387, 174 *S. W.* 78, *supra; City of Independence v. Hindenach,* 144 *Kan.* 414, 61 *P.* 2d 124, 107 *A. L. R.* 645; *State ex rel. Smith, Atty. Gen. v. Snell, supra.* As previously stated, § 2246 of the Ordinance, after setting forth the penalty for the violation thereof, uses the language "besides being liable to the payment of the license fee". We think that this language indicates clearly an intention on the part of the City to hold the licensee responsible for the payment of the tax, even though under criminal prosecution the licensee is compelled to pay a penalty for failure to comply with the Ordinance. Certainly, when the City enacted the Ordinance imposing a license tax, it intended that the license fee should be collected. If we should find in this case that the criminal penalty is exclusive, the purpose of the City in passing the Ordinance would be somewhat frustrated.

█ We are of the opinion that the remedy provided in the statute for a criminal penalty is not exclusive and that a civil action will lie for the collection of the tax.

(2) Is the Ordinance applicable in the case of a physician employed by another physician who operates a clinic at a hospital?

Defendant contends that his legal status is that of an employee and that he 'owned' nothing in the sense that that word

is used in the statute. Defendant relates his position to that of an agent or employee of the owner of a business, citing cases to show that the license requirement is always against the owner of the business, not against his agent or employee.

The defendant is licensed to practice medicine by the appropriate authorities of the State of Delaware. He is employed by another physician in the Radiology Department of a hospital on a salary basis. It is conceded by defendant that the work performed by him constitutes the practice of medicine. But defendant denies that he is the 'owner' of the profession as that term is used in the statute. To determine defendant's standing, we must look at the meaning of the word 'owner' as used in said statute as it applies to the practice of medicine.

We do not agree with defendant's contention. We think that it would be true that a secretary or a technician working under the direct supervision of a physician would not be practicing medicine and would not be considered the 'owner' of a profession. We, of course, agree that the agent or employee of the owner of a business would equally not be required to procure a license. But that is not the situation in this case. Here defendant is unquestionably carrying on the practice of medicine. The fact that he is employed by another physician, on a salary basis, does not change his position in the least. As far as defendant is concerned, he alone is the 'owner' of his profession, not the hospital or the other physician by whom he is employed; he is the one who is licensed to practice; he is the one who in ministering to those patients whom he attends at the clinic is engaged in the practice of medicine. *Brinton v. City of Jonesboro, Ark.*, 320 S. W. 2d 272.

It is true that in giving this interpretation to the statute, we are not, as defendant requests us to do, giving to the word 'owner' its ordinary meaning; neither would we be giving this word its ordinary meaning if we gave it the meaning of 'employer' as requested by defendant. We think that what is nec-

essary to be done—as in this case we have done—is to consider the intent of the Legislature in passing the statute.

█ The primary rule of construction is to ascertain and give effect to the intent of the law as expressed in the statute. *Harlee v. Federal Finance Corporation of America*, 4 *W. W. Harr.* 345, 152 *A.* 596; *Coleman v. Rhodes*, 5 *W. W. Harr.* 120, 159 *A.* 649. As this Court has frequently said in other cases, that intent must prevail even though in doing so we must give an interpretation not consistent with the strict letter of the statute. *Nigro v. Flinn*, 8 *W. W. Harr.* 368, 192 *A.* 685. While the language therein was most inartistic, we think that it was unquestionably the intent of the Legislature to provide that one engaged in the practice of a profession is the 'owner' of that profession in the sense that he may be compelled to take out a license in order to practice that profession. To give any other construction to the statute would render it meaningless.

We think that the lower court properly held defendant to be subject to the licensing Ordinance.

(3) Was the Ordinance a proper exercise of the power granted to the City by the Act of the General Assembly?

█ In raising this question defendant makes the same argument as he raised in the second question, namely: the applicability of the Ordinance in the case of a physician employed by another physician. Both questions involved the interpretation of the word 'owner'. In deciding the previous question, our determination that this word as used in the statute includes a physician employed by another physician is equally dispositive of the present question. For the reasons set forth in our discussion of the previous question, we now decide that the Ordinance does not exceed the authority granted in the enabling statute.

(4) Does the statute of limitations operate against the City in a civil suit for the collection of a license fee?

Defendant asserts that the City's claim is barred by the statute of limitations (10 *Del. C.* § 8106), which in pertinent part is as follows:

"* * * no action based on a statute * * * shall be brought after the expiration of 3 years from the accruing of the cause of such action."

Defendant contends that the Ordinance itself constitutes a statute. He further contends that the statute of limitations is applicable to all actions brought under a statute and that since the Ordinance is a statute, the statute of limitations applies equally to it since no exception is appended thereto. Defendant also cites 34 *Amer. Jur., Limitations of Actions,* § 397, to the effect that the statute of limitations is usually considered as running in behalf of municipal corporations in the same manner as if they were individual litigants and that municipal corporations are persons within the meaning of the statute. Defendant does not, however, attempt to draw out this assertion. Nevertheless, we consider it.

The City denies that part of this claim is barred by the statute of limitations for the reasons (1) that the statute of limitations does not by its express language apply to municipalities, and, (2) that the City being a governmental agency has some of the incidents of sovereignty and the statute of limitations does not apply to a suit by a municipality which is brought to enforce a right of a governmental nature.

A municipal corporation has no inherent authority; its only authority depends entirely upon that expressly granted or fairly implied or indispensable to its declared objects and purposes. *Cutrona v. Mayor & Council of Wilmington,* 14 *Del. Ch.* 434, 127 *A.* 421; *Town of Seaford v. Eastern Shore Public Service Co.,* 2 *Terry* 438, 24 *A.* 2d 436. There are many decisions which are authority for the holding that an action by a municipality in its governmental capacity is not barred by the statute of limitations unless expressly so stated in the stat-

ute. See cases cited in *Annotation* in 113 *A. L. R.* 376. These cases are bottomed upon the rule expressed by the early writers, *nullum tempus occurit regi,* that the statute of limitations does not run against the sovereign. This principle applies to the states as well as to the United States. It is the generally recognized rule, unless the statute expressly provides to the contrary, that statutes of limitations do not apply to a state when suing in its sovereign capacity.

There is some difference of opinion as to whether the statute of limitations applies in suits brought by municipalities. In a number of states the application of the statute rests upon the determination as to whether the action is based upon private or proprietary rights or those based upon public or governmental rights. See *Annotation* in 113 *A. L. R.* 376. A number of the highest courts, including the United States Supreme Court, have held that this privilege is a prerogative one and cannot be invoked by any person or corporation inferior to the sovereign. *Metropolitan R. Co. v. District of Columbia,* 132 *U. S.* 1, 10 *S. Ct.* 19, 33 *L. Ed.* 231; *Ramsden v. Ford, R. I.,* 143 *A.* 2d 697; *City of Bedford v. Willard,* 133 *Ind.* 562, 33 *N. E.* 368; *State ex rel. Chemical Nat. Bank v. School Dist.,* 30 *Neb.* 520, 46 *N. W.* 613; *Johnson v. Black,* 103 *Va.* 477, 49 *S. E.* 633, 68 *L. R. A.* 264; *Bannock County v. Bell,* 8 *Idaho* 1, 65 *P.* 710.

The City by virtue of 17 *Del. Laws,* Ch. 207, Sec. 2, is given the right "to sue and be sued * * * and generally to have all the privileges and franchises incident to a corporation or body politic". It would seem, in view of the privilege conferred upon a municipality under this statute, that a municipality should be bound by the disabilities of a private corpration as well as have the advantages of those in its favor. We think that the better rule is that laid down by the United States Supreme Court in the case of *Metropolitan R. Co. v. District of Columbia, supra,* and the decisions of the Supreme Courts of other states above cited. These decisions hold that the doctrine of sovereign immunity from the defense of the statute of limi-

tations does not extend to municipalities, and that as to such agencies the statute of limitations applies.

The City cites *Flait v. Mayor and Council of Wilmington*, 9 *Terry* 89, 97 *A*. 2d 545, as authority for its contention that this Court has applied the doctrine of sovereign immunity to municipal corporations. City's contention is correct. The *Flait* case was a suit for injuries sustained by reason of alleged negligent operation of City's fire-engine. The appellants attacked the application of the principle of sovereign immunity to municipal corporations, stating that none of the reasons set forth in the many cases upholding the doctrine is sound in either reason or logic. This Court in its opinion stated that it agreed with appellants' contention and that, if the questions had been one of first impression, it would have been disposed to accept appellants' argument. Citing an authority from the old Court of Errors and Appeals in 1893 and one from the former Supreme Court, this Court stated that this doctrine had been approved repeatedly in the trial courts of this state from 1849 to date and that it felt that it was not at liberty to overturn it, suggesting that it would be an appropriate and desirable field of legislative action.

We think that no inference may be drawn from this case to the effect that this Court would be willing to extend the doctrine of sovereign immunity to cover actions by municipalities which would otherwise be barred by the statute of limitations; quite the contrary. We think that the language of Justice Wolcott in the *Flait* case may be taken as a caveat that this Court did not intend to extend the application of this principle to cover actions by a municipality for the collection of taxes and that the action of the lower court in deciding that the statute of limitations applied is correct.

The judgment of the Superior Court is affirmed.