Mr. Cliff Jeffords, Chairman Sebastian County Election Commission 210 Queensbury Way Fort Smith, Arkansas 72903
Dear Mr. Jeffords:
This is in response to your request for an opinion on the qualifications required of a candidate for municipal judge in Fort Smith. Specifically, you indicate that a particular candidate who has filed for election as municipal judge received his law degree in 1986 and was first admitted to practice law by the Arkansas Supreme Court on March 30, 1987. Your review of the law indicates that candidates for municipal judge in Fort Smith must have practiced law for six years at the time of filing for the office, and that this candidate appears to fall short of this requirement. In this vein, you pose the following two questions:
 1. Does a candidate for the municipal judgeship in Fort Smith have to have been admitted to practice for six (6) years prior to filing for the position of municipal judge?
 2. Can a candidate for purposes of the six (6) year requirement include any prior experiences the candidate may have had as a law clerk, a paralegal, or in student practice activities as contemplated by Rule 15 of the rules governing admission to the bar, before his admission to the bar?
It is my opinion that the answer to your first question is "yes," the Arkansas Code requires a candidate for Fort Smith municipal judge to have practiced law for six years.[1] It is my opinion that the answer to your second question is "no."
The relevant statutory provision is A.C.A. § 16-17-108 (mm)(3) (Adv. Code Serv. 1992-93), which provides that a municipal judge in Fort Smith shall "be of good moral character, a resident and elector of the city and the state, and shall possess thequalifications required by law for circuit and chancery judges." The qualifications for circuit judges are set out at Arkansas Constitution, art. 7, § 16. This section requires such judges to "have practiced law six years, or whose service on the bench of any court of record, when added to the time he may have practiced law, shall be equal to six years." (The requirement for chancery judges is made the same by statute. See A.C.A. § 16-13-309(b)).
This requirement, enacted in 1991, applies specifically to judges of the Fort Smith municipal court, and would therefore appear to apply instead of A.C.A. § 16-17-104, which in most cases requires three years of law practice, and has been interpreted by this office as superseding earlier laws with different requirements.See generally, Op. Att'y. Gen. 91-378, copy enclosed.
This conclusion is consistent with rules of statutory construction requiring application of specific rather than general laws (Lawson v. State, 295 Ark. 37, 746 S.W.2d 544
(1988)); and requiring the application of the act passed later in time in the case of an irreconcilable conflict. (State v.Lawrence, 246 Ark. 644, 439 S.W.2d 819 91969)).
It is therefore my opinion that the statutes require a candidate for municipal judge in Fort Smith to have practiced law for six years. Additionally, A.C.A. § 7-5-207(b) requires this qualification to be met at the time of filing.[2]
In response to your second question, it is my opinion that a candidate cannot include any legal "practice" or experience engaged in prior to licensure toward meeting this durational law practice requirement. The statute and provision of the constitution cited earlier require the candidate to "have practiced law six years. . . ."
The first rule of statutory construction is to give words their ordinary and usually accepted meaning in common usage. Bolden v.Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). In my opinion, the common usage of the concept of "practicing law" as used above, refers to such practice by a licensed attorney. In this regard, it has been stated that: "[o]ne can only engage in the practice of [law] by being licensed to practice in his own right."Brinton v. City of Jonesboro, 229 Ark. 944, 946, 320 S.W.2d 272
(1959).
It is therefore my opinion that the answer to your second question is "no."
The foregoing opinion, which I hereby approve, was prepared by Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Because you have not specifically posed the question of whether such a requirement is constitutional in light of varying requirements for municipal courts across the state, and because this issue would involve myriad factual determinations which this office is not empowered to make, we express no opinion thereon, and leave such a determination properly to the judicial branch. In any event, until such a judicial decision, these statutes stand as the law in Arkansas and are presumed constitutional.Urrey Ceramic Tile Co. v. Mosley, 304 Ark. 711, 805 S.W.2d 54
(1991).
[2] The statute cited, A.C.A. § 7-5-207(b), with an exception not relevant here, provides that no person's name shall be printed on the ballot as a candidate unless the person is qualified and eligible at the time of filing. It is made clear inState ex rel. Robinson v. Craighead County Board of ElectionCommissioners, 300 Ark. 405, 779 S.W.2d 169 (1989), that the remedy for enforcement of this right is mandamus coupled with a declaratory judgment. It was also held, at least with regard to the qualification of residence, that the county board of election commissioners does not have the authority without the order of a court, to determine the issue and remove a candidate's name on that basis.