# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CSDCPC 920 FRENCH, LLC,                )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )    C.A. No. N18C-01-120 MMJ
                                        )
CHRISTINA SCHOOL DISTRICT,              )
CHRISTINA SCHOOL DISTRICT               )
BOARD OF EDUCATION,                     )
BRANDYWINE SCHOOL DISTRICT,             )
BRANDYWINE SCHOOL DISTRICT              )
BOARD OF EDUCATION, COLONIAL            )
SCHOOL DISTRICT, COLONIAL               )
SCHOOL DISTRICT BOARD OF                )
EDUCATION, RED CLAY SCHOOL              )
DISTRICT, RED CLAY SCHOOL               )
DISTRICT BOARD OF EDUCATION,            )
                                        )
        Defendants.                     )

Submitted: October 2, 2019
Decided: November 19, 2019

On Cross Motions for Judgment on the Pleadings
Following Remand

## OPINION

David A. White, Esq., McCarter & English, LLP, Wilmington, Delaware, *Attorneys for Plaintiff*

David H. Williams, Esq., Morris James LLP, Wilmington, Delaware, *Attorneys for Defendants*

**JOHNSTON, J.**

1

## FACTUAL AND PROCEDURAL CONTEXT

Plaintiff CSDCPC 920 French, LLC sought a charitable tax exemption for property in New Castle County ("Property"). New Castle County denied the application for a tax exemption on April 28, 2017. Plaintiff appealed the denial on May 28, 2017.

New Castle County has issued a publication entitled "How to Appeal Your Property Tax Assessment." The publication provides in part:

**Do I have to pay my taxes if my assessment is being appealed:**

> While it is up to you, we recommend that you pay your property taxes. Should you choose not to pay and your appeal is denied, penalties will be added to the amount due. If you do pay and your appeal is granted, a credit would be applied to your tax account.

On May 30, 2017, Plaintiff paid the taxes in the amount of $217,264.02 pending appeal.

On October 2, 2017, the County and Plaintiff reached an agreement resolving the appeal. The County granted Plaintiff a tax exemption retroactive from November 14, 2014 (the date Plaintiff purchased the Property) through June 20, 2021.

On November 1, 2017, Plaintiff submitted a request to Christina School District for a refund of the portion of the school taxes allocated to Christiana.[1] The request was in the form of a letter from Plaintiff's attorneys.

---

[1] $184,088.45.

The Christina School Board considered Plaintiff's request in closed executive session on December 12, 2017. No deliberations were public. Plaintiff's counsel was limited to two minutes of oral presentation prior to the Board's vote. The Board unanimously voted to deny the request in open session. The Board did not state any reasons for its decision either in writing or during open session.

Section 1921 of Title 14 of the Delaware Code provides: "Local county school taxes paid through error or by mistake may be refunded by the school district to which the taxes were paid...."

In *McGinnes v. Department of Finance*,[2] the Court of Chancery interpreted Section 1921.

> The two critical words in the statute in issue are "error" and "mistake". Since no legislative intention to the contrary is apparent, such words should be construed according to their usual, ordinary and natural meaning, *Haddock v. Board of Public Education*, 32 Del.Ch. 245, 84 A.2d 157 (1951). Webster's Third New International Dictionary provides common meanings for each of these terms. The term "error" is therein defined as including an act involving an unintentional deviation from truth or accuracy, or as a mistake in perception, reasoning, recollection or expression. "Mistake" is similarly defined as including a misunderstanding of the meaning or implication of something, or as a wrong action proceeding from faulty judgment or inadequate knowledge.[3]

Christina argued that the taxes were voluntarily paid by Plaintiff. Thus, there can be no "error" or "mistake" that would entitle Plaintiff to a refund pursuant to Section 1921.

---

[2] 377 A.2d 16 (Del. Ch. 1977).

[3] *Id.* at 20.

3

It is undisputed that a tax exempt entity does not owe school district taxes in New Castle County. As of this date, Plaintiff does not owe school district taxes, and did not owe taxes on May 30, 2017, the date Plaintiff remitted the tax payment to avoid the potential for penalties should Plaintiff's appeal be unsuccessful.

The County's tax appeal publication states: "If you do pay and your appeal is granted, *a credit would be applied to your tax account.*" (Emphasis added.) Plaintiff paid the taxes pending appeal in reliance on the belief that a refund would be issued if the appeal was successful.

The Court considered the unique undisputed facts in this case. The Court found that Plaintiff remitted a tax payment pending appeal in error and based on the mistaken belief that "a credit would be applied" should the appeal be granted.

By Order dated January 14, 2019, the Court remanded the case to the Board for a determination of Plaintiff's entitlement to a refund of school district taxes. The Court provided that, at the conclusion of the Board's reconsideration of Plaintiff's refund request, and depending on the outcome of such reconsideration, Plaintiff would be permitted to request that the Court reconsider the constitutional issues raised in Plaintiff's Motion for Judgment on the Pleadings.

Defendants filed a Supplemental Submission on September 10, 2019. The Supplemental Submission established that on March 12, 2019, the Board conducted a hearing on Plaintiff's application for a tax refund, pursuant to the Court's remand.[1]

_____

[1] Defs.' Supp. Submission ¶ 2.

4

The Board's Chief Financial Officer prepared and submitted a memorandum to the Board prior to the hearing.[2] The memorandum provided background information on the Plaintiff and its application,[3] and an overview of how taxes are generally distributed to the School District and incorporated into its budget.[4] The memorandum explains that it is not possible for Christina to trace how dollars paid by Plaintiff were specifically used by Christina.[5] The memorandum also reveals that Christina has denied a refund to all other applicants.[6]

The March 12 hearing was held publicly and on the record.[7] The hearing lasted thirty-four minutes.[8] The transcript also shows that the Board actively participated by asking questions of both Plaintiff's counsel, and the Board's Chief Financial Officer.[9]

On March 14, 2019, the Board's Executive Secretary sent Plaintiff's counsel a letter with notice of the Board's decision.[10] The letter explained that the Board entered executive session to discuss the hearing, and reconvened the public meeting to hold a vote.[11] The vote was four-to-two, denying Plaintiff's application for a refund.[12] On April 22, 2019, the Secretary sent Plaintiff's counsel a second letter transmitting the

---

[2] *Id.* ¶ 3; Ex. 1.
[3] *Id.* Ex. 1 ¶¶ 1–4, 8–12 & 15–16.
[4] *Id.* Ex. 1 ¶¶ 5–8 & 13–14.
[5] *Id.* Ex. 1 ¶ 6.
[6] *Id.* Ex. 1 ¶ 14.
[7] *Id.* Ex. 2 at 1.
[8] *Id.*
[9] *Id.* Ex. 2 at 5–8.
[10] *Id.* Ex. 3.
[11] *Id.*
[12] *Id.*

transcript of the hearing, and a summary.[13] The second letter includes both a list of comments relevant to the Board's decision, as well as a link to a recording of the public meeting.[14]

On September 12, 2019, Plaintiff filed a Status Report expressing Plaintiff's wish to renew its Motion for Judgment on the Pleadings.

## STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[15] All facts are viewed in a light most favorable to the non-moving party.[16] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[17] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[18] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[19]

---

[13] *Id.* Ex. 4.
[14] *Id.*
[15] Super. Ct. Civ. R. 56(c).
[16] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[17] Super. Ct. Civ. R. 56(c).
[18] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

6

## ANALYSIS

In its motion, Plaintiff asserted that Section 1921 of Title 14 of the Delaware Code, and Defendants' denial of Plaintiff's refund application are unconstitutional. Plaintiff offers three reasons: (1) Defendants committed an unlawful taking pursuant to Article I, Section 8 of the Delaware Constitution, and the Fifth Amendment to the United States Constitution; (2) Section 1921 violates Article VIII, Sections 1, 10(a), and 11(a) of the Delaware Constitution; and (3) Defendants deprived Plaintiff of its due process rights, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

### *Unlawful Taking*

Article I Section 8 of the Delaware Constitution states that no person's property shall "be taken or applied to public use without consent ... and without compensation being made."[20] The Fifth Amendment to the United States Constitution prohibits the taking of private property "for public use, without just compensation."[21]

Plaintiff contends that the Defendants retained Plaintiff's property for "an unspecified use related to the school districts' activities,"[22] and Plaintiff does not consent to the retention of the payment.[23] Thus, Defendants' failure to refund the payment is an unlawful taking.

---

[20] DEL. CONST. art. I, § 8.
[21] U.S. CONST. amend. V.
[22] Defs.' Br. ¶ 6 (Nov. 1, 2018).
[23] *Id.*

Defendants respond that the Board's conduct does not constitute an unlawful taking because Plaintiff voluntarily paid the school taxes. In *McGinnes*, the Court held:

> [O]ne who voluntarily pays an illegal tax, even though he pays it under considerable actual pressure, cannot maintain an action to recover it back. Thus, in absence of a statute, the payment of an illegal tax with full knowledge of the facts, and without any fraud, duress, or extortion is ordinarily considered to be a voluntary payment, although under protest.[24]

In this case, Plaintiff's conduct constitutes a voluntary payment. The Court finds that Defendants' retention of that payment was not an unlawful taking. Section 1921 governs the refund of a voluntary payment. Thus, Section 1921 does not violate either Article I, Section 8 of the Delaware Constitution, or the Fifth Amendment to the United States Constitution.

### *Article VIII, Sections 1, 10(a), and 11(a) of the Delaware Constitution*

Delaware Constitution Article VIII, Section 1 requires that "[a]ll taxes shall be uniform upon the same class of subjects...."[25] Plaintiff argues that by failing to refund Plaintiff's payment, Defendants also fail to apply taxes uniformly among charitable entities.[26]

Delaware Constitution Article VIII, Section 10(a) provides that "[t]he effective rate of any tax levied or license fee imposed by the State may not be increased except pursuant to an act of the General Assembly adopted with the concurrence of three-fifths

---

[24] *McGinnes*, 377 A.2d at 19–20 (quoting 72 AM. JUR. 2d *State & Local Taxation* § 1080 (1974)); *see also Commissioners of Lewes v. Jester*, 127 A.2d 229 (Del. Ch. 1956) *rev'd on other grounds*, 134 A.2d 257 (Del. 1957) (finding that a plaintiff was barred from pursuing a similar action where no statute mandates a contrary result)).

[25] DEL. CONST. art. VIII, § 1.

[26] Defs.' Br. ¶ 7 (Nov. 1, 2018).

8

of all members of each House." Plaintiff asserts that Section 1921 violates Article VIII, Section 10(a) of the Delaware Constitution because Defendants' denial of the refund increased Plaintiff's effective tax rate.

Delaware Constitution Article VIII, Section 11(a) provides that "[n]o tax or license fee may be imposed or levied except pursuant to an act of the General Assembly adopted with the concurrence of three-fifths of all members of each House." Plaintiff asserts that Defendants violated Section 11(a) by imposing or levying an unfair tax on Plaintiff.

Defendants first assert that "[a] statute carries a strong presumption of constitutionality...."[27] Defendants also argue that these Article VIII provisions are inapplicable because Section 1921 is not a tax. Further, Defendants assert that Sections 10(a) and 11(a) are irrelevant because the provisions refer only to the General Assembly's exercise of control "over the expenditures and the revenues of the State."[28]

The Court finds that Section 1921 does not address the *application* or *rate* of taxation. Rather, Section 1921 concerns the *refund* of a payment made at a time when the Property was not considered exempt. The retention of a pre-paid sum does not constitute a rate change. Further, Plaintiff provided no specific allegations that would support the contention that Section 1921 was applied arbitrarily.[29] Thus, the Court finds

---

[27] *Monceaux v. State*, 51 A.3d 474, 477 (Del. 2012).
[28] *In re Opinion of the Justices*, 575 A.2d 1186, 1189 (Del. 1990).
[29] Transcript of Oral Argument at 3 (Dec. 17, 2018):

THE COURT: So the question is, do I have enough information on this record to determine whether others who were similarly situated, were treated in a different manner?

9

that Section 1921 does not, on its face, violate Article VIII Sections 1, 10(a), or 11(a) of the Delaware Constitution.

### Procedural Due Process

Plaintiff argues that Defendants deprived Plaintiff of its due process rights, in violation of the Fifth Amendment to the United States Constitution which provides: "No person shall ... be deprived of life, liberty, or property, without due process of law...."[30] Plaintiff also cites the Fourteenth Amendment which states: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law...."[31]

Plaintiff argues that Defendants failed to comply with the process established by Section 1921. Section 1921 states: "The school board shall submit the request for refund to the receiver of taxes of the county for the receiver's approval of the payment of the refund...."[32] Defendants did not submit the request to the receiver of taxes.[33]

Defendants argue that Plaintiff misinterprets this provision. Defendants contend that Section 1921 requires the Board to submit the request to the receiver of taxes only if the Board approves the refund.

*McGinnes* addresses the need to submit to the receiver of taxes. "[T]he approval of the receiver of taxes must be granted to a taxpayer's request, insofar as the [receiver]

---

MR. WHITE: I don't believe there's any other information in the record about others....*Id.*

[30] U.S. CONST. amend. V.
[31] *Id.* amend. XIV.
[32] 14 *Del.* C. § 1921(2).
[33] Defs.' Br. ¶ 6 (Nov. 1, 2018); Ex. B ¶¶ 57, 74–76.

10

is in possession of funds of the taxpayer in an amount in excess of that authorized by the applicable statute."[34] In this case, the receiver was not in possession of any funds of the taxpayer in an amount in excess of that authorized by the applicable statute. Thus, the Court finds that the Board was not required to submit the request to the receiver of taxes.

Plaintiff also asserts that Defendants deprived Plaintiff of its due process rights by failing to provide an adequate opportunity to be heard. During the December 12, 2017 hearing, Defendants afforded only two minutes to Plaintiff to present its case. The Board did not ask any questions or make any comments on the matter. The Board deliberated in a closed executive session with no transcript. Plaintiff was not provided with any reasoning for the denial of its refund application. Plaintiff contends that no real deliberation could have taken place before the vote.

Upon remand by the Court, Plaintiff was given sufficient time to present its application to the Board, on the record, as demonstrated by the transcript of the hearing. The actual reconsideration and deliberation were on record. The substantive consideration of the application is evidenced by the changed vote itself, with the Board no longer voting unanimously, but rather with a majority denying Plaintiff's application.

---

[34] *McGinnes*, 377 A.2d at 21–22.

Further, the record evidence demonstrates that Defendants consistently have denied refunds.[35] Therefore, all similarly situated parties have been treated in the same manner.

### *Public Policy*

The Court acknowledges the public policy concerns presented in this case. There is an inherent unfairness when a taxpayer makes a payment, in good faith, is subsequently deemed to have never owed the taxes, and yet, is denied a refund.[36]

However, the School District is caught between a rock and hard place.[37] Public Schools in Delaware are not adequately funded. The School Districts are at the mercy of the taxpayers. Taxpayer funding referenda are the only direct taxing decisions upon which Delaware citizens may express themselves.

Counsel noted during argument: "The School District doesn't know what the County is doing. They don't even know that there's an application for an exemption. They get generic numbers from the County."[38]

The Section 1921 procedure appears unfair and arbitrary on its face and in actual practice. Nevertheless, there is no basis for the Court to find on this record that it is either unlawful or unconstitutional.

---

[35] *Id.* Ex. 1 ¶ 14.
[36] *See* Transcript of Oral Argument at 21–22 (Dec. 17, 2018).
[37] *Id.*
[38] *Id.*

## CONCLUSION

Section 1921 does not constitute an unlawful taking because it governs the refund of a voluntary payment. The Court finds that Section 1921 does not violate either Article I, Section 8 of the Delaware Constitution, or the Fifth Amendment to the United States Constitution.

Section 1921 does not address the *application* or *rate* of taxation, but the *refund* of a payment made at a time when the Property was not considered exempt. The retention of a pre-paid sum does not constitute a rate change. The Court finds that Section 1921 does not violate Article VIII Sections 1, 10(a), or 11(a) of the Delaware Constitution.

*McGinnes* addresses the need to submit to the receiver of taxes. "[T]he approval of the receiver of taxes must be granted to a taxpayer's request, insofar as the [receiver] is in possession of funds of the taxpayer in an amount in excess of that authorized by the applicable statute."[39] Here, the receiver was not in possession of any funds of the taxpayer in an amount in excess of that authorized by the applicable statute. Thus, the Court finds that the Board was not required to submit the request to the receiver of taxes.

Upon remand, the Defendants addressed the Court's procedural due process concerns. Although it seems to the Court that the Section 1921 procedure appears

---

[39] *McGinnes*, 377 A.2d at 21–22.

13

unfair on its face and in actual practice, there is no basis for the Court to find on this record that Section 1921 is either unlawful or unconstitutional. Therefore, Plaintiff's Motion for Judgment on the Pleadings is hereby **DENIED**, and Defendants' Cross-Motion for Judgment on the Pleadings is hereby **GRANTED.**

    **IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

14