DIVISION OF TAX APPEALS.

ERIE RAILROAD SYSTEM, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, RESPONDENT.

CITY OF JERSEY CITY, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION AND ERIE RAILROAD SYSTEM, ERIE RAILROAD COMPANY, RESPONDENTS.

CITY OF HOBOKEN, PETITIONER, v. ERIE RAILROAD SYSTEM, RESPONDENT.

Decided April 22, 1947.

For the petitioner Erie Railroad System, *Collins & Corbin* (*Raymond Lamb,* of counsel).

For the City of Jersey City, *Charles A. Rooney* (*Joseph C. Glavin,* of counsel).

For the City of Hoboken, *John J. Fallon* (*Frank P. McCarthy,* of counsel).

For the State of New Jersey, *Walter D. Van Riper,* Attorney-General, and *Benjamin C. Van Tine* and *Benjamin Taub,* Deputy Attorneys-General.

CONKLIN, COMMISSIONER. These appeals by complaints filed by the Erie Railroad System, which comprises all of the Erie Railroad Companies, by the City of Jersey City, and the City of Hoboken, bring before us for our consideration the property assessments for the year 1945 made by the Director of the Division of Taxation under *R. S.* 54:29A-1, *et seq.;*

*N. J. S. A.* 54:29A–1, *et seq.* The same questions are raised by both the municipalities and the railroad as were raised in the cases of *Pitney* v. *Walsh,* 25 *N. J. Mis. R.* 196; 51 *Atl. Rep.* (*2d*) 871; *Delaware, Lackawanna and Western Railroad Co.* v. *Walsh,* 25 *N. J. Mis. R.* 272; 52 *Atl. Rep.* (*2d*)    , but with one difference, that being the appeal by the railroad from the assessment made on the floating equipment under the provisions of *R. S.* 54:29A–12; *N. J. S. A.* 54:29A–12.

As in the two previous cases the railroad complains of the assessment on main stem and second class lands as being in excess of true value, erroneous and arbitrary; that of the third class property the floating equipment registered in the Port of New York did not have a *situs* in New Jersey for taxation; that the power of taxation resides only in the government which renders protection to the property; that the assessment on the aforesaid third class property is unconstitutional. The same question is raised as in the two previous cases as to the assessment of grade crossing eliminations in Class No. 1 property. The City of Jersey City seeks an increase in the assessments as made and likewise the City of Hoboken seeks an increase for that portion of the railroad property in Hoboken.

We think it unnecessary to recapitulate the reasons and rules of law as set forth in our two previous opinions filed in the cases of *Pitney* v. *Walsh,* and *Delaware, Lackawanna and Western Railroad* v. *Walsh, supra,* except to state that for the same reasons as they apply to the facts before us the appeals by the Erie Railroad System, the City of Jersey City, and the City of Hoboken should be dismissed.

Under the Railroad Tax Law of 1941, chapter 291 of the laws of 1941, *R. S.* 54:29A–9; *N. J. S. A.* 54:29A–9, it is provided:

"Tangible personal property which is used or kept but a part of the time in this State by any railroad shall be assessed such proportionate part of its value as the time it is used or kept in this State during the calendar year preceding bears to the whole year."

The Director of Taxation did assess the floating equipment belonging to the Erie Railroad System and the Erie Railroad

System asks that this Division set aside the said assessment for the reasons hereinbefore stated.

It has been repeatedly held by this Division that it does not have the right to determine the constitutionality of any act of the legislature, and this Division must affirm the assessment for it is without the power to declare the act to be unconstitutional. We have so held in the case of the *City of Newark* v. *Mutual Benefit Life Insurance Co.*, 1934-1939 *New Jersey Tax Reports* 440, wherein it is said:

"As this board is a *quasi*-judicial body, it has no power to pass upon constitutional questions of law but must interpret the statutes as they are written."

And in the case of *Schwartz* v. *Essex County Board of Taxation*, 129 *N. J. L.* 129; 28 *Atl. Rep.* (*2d*) 482, the Supreme Court has also held that this Division of Tax Appeals is such a body as cannot determine the constitutionality of an act of the legislature. On page 132 of 129 *N. J. L.*, on page 484 of 28 *Atl. Rep.* (*2d*), it is said:

"It is indisputable that the determination of the constitutionality of an act of the legislature rests with a judicial body; not with a *quasi*-judicial body such as the State Board of Tax Appeals. The final responsibility to pass upon the constitutionality of a given piece of legislation rests in the courts and it is given the duty of the various state agencies and administrative bodies to accept a legislative act as constitutional until such time as it has been declared to be unconstitutional by a qualified judicial body."

For this reason the appeal of the Erie Railroad System from the assessment on its floating equipment is hereby dismissed.

Judgments have been entered in accordance with the foregoing conclusions.