LESLIE H. JAMOUNEAU, PROSECUTOR, v. DIVISION OF
TAX APPEALS IN THE DEPARTMENT OF TAXATION
AND FINANCE OF THE STATE OF NEW JERSEY, CITY
OF NEWARK AND C-O TWO FIRE EQUIPMENT COM-
PANY, RESPONDENTS.

Argued May 4, 1948—Decided July 12, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Saul A. Wittes.*

For the respondent City of Newark, *Thomas L. Parsonnet*
(*Vincent J. Casale,* of counsel).

For the respondent C-O Two Fire Equipment Company,
*Pilney, Hardin, Ward & Brennan* (*John R. Hardin* and
*Arthur J. Martin, Jr.,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J. The issue presented is the validity of
the determination by the Division of Tax Appeals that a tract

of land and building owned by the City of Newark and leased for private purposes are tax exempt. The authority of the city to enter into such a lease is not questioned.

The City of Newark on August 13th, 1941, leased 8.58 acres of vacant and unimproved industrial land which it owned in the city to the C-O Two Fire Equipment Company, a private manufacturing company, for 50 years at an annual rental of $5,000. The company agreed to construct on the land at its own expense a factory building of an agreed minimum size which was to become the property of the city upon erection. An option is given to the company to purchase the demised premises at any time during the term of the lease for $10,000 per acre, which would amount to $85,800. In case of partial loss, all insurance money except for repairs is to be the property of the company, and in case of total loss, the company may abandon the lease and keep all the insurance money after payment to the city of 1/50 thereof for each year the lease has run. The city has agreed not to exercise its right of eminent domain and in the event of condemnation by a higher authority during the term of the lease, the condemnation award for the building is to be paid to the company.

The company erected and now operates a modern factory on the land for purely commercial purposes, carrying on its books the building as a fixed asset worth $141,542.63 as of December 1st, 1942. According to the records of the city, the land is assessed for $42,900 and the building for $250,000, both exempt from taxes as municipally owned.

Prosecutor, a citizen and taxpayer of Newark, appealed the exemption for the year 1943 and the Division of Tax Appeals found the exemption to be within statutory authority. It may be parenthetically noted the premises are within the boundary of the Newark airport and seaport, which as of March 22d, 1948, have been leased to the Port of New York Authority and the lease herein concerned canceled, with a new lease between the Port Authority and the company substituted. Accordingly, the Port Authority, which intervened in this proceeding as a party respondent, has asked and was permitted to withdraw.

For the taxable year 1943 *R. S.* 54:4–1 provided all property within the state not expressly exempted was subject to taxation. *R. S.* 54:4–3.3 sets forth the following exemptions:

"The property of the United States, and, except as otherwise provided by article 1 of this chapter (Sec. 54:4–1 *et seq.*), the property of the state of New Jersey; *and the property of the respective counties, school districts and taxing districts, when located therein and used for public purposes,* or for the preservation or exhibit of historical data, records or property shall be exempt from taxation under this chapter, but this exemption shall not include real property bought in for debts or on foreclosure of mortgages given to secure loans out of public funds or out of money in court, which property shall be taxed unless devoted to public uses. \* \* \*" (Italics added.)

There is no doubt a state may, if it sees fit, subject its properties and the property owned by its municipal subdivisions to taxation in common with privately owned property within its territory, but such property is by implication excluded from the operation of laws imposing taxation unless there is a clear expression of intent to include it. *Trustees of Public Schools* v. *City of Trenton, 30 N. J. Eq. 667.*

The use of the instant property is admittedly for a private purpose and not within the statutory exemption as set forth in *R. S.* 54:4–3.3. Likewise, the property is not included within the general provisions of *R. S.* 54:4–1. In the absence of clear legislative intent to the contrary, municipally owned property is not covered by that section and remains tax exempt. *Jersey City* v. *Blum,* 101 *N. J. L.* 93. There, the Court of Errors and Appeals construed the identical statutory exemption for municipally owned lands and determined exemption based on location, although together with public use, was invalid. Accordingly, the court concluded the portion of *R. S.* 54:4–3.3 pertaining to property of counties, school districts and taxing districts was fatally defective and the provisions of *R. S.* 54:4–1 were inapplicable to municipally owned property since not expressly stated to apply. That case was subsequently reaffirmed and followed in *Township of Teaneck* v. *State Board of Tax Appeals,* 110 *N. J. L.*

28; *affirmed,* 111 *Id.* 242, where the court added the question of private or public use becomes irrelevant where the provision for exemption is defective for being in part based on location.

Those cases are controlling here. Proceedings were not instituted to attack the lease or question its legality. The sole problem is the validity of the exemption from taxation statutes and the decisive fact is the admitted ownership by the municipality of the property in question. Such ownership of the premises and not their use for private commercial purposes is the test as to taxability.

The decision in *Essex County Park Commission* v. *State Board of Tax Appeals,* 129 *N. J. L.* 336, did not overrule the pre-existing law. It held valid the separate exception contained in *R. S.* 54:4–3.3 concerning properties taken for debts or by foreclosure. Under such circumstances the statute establishes public use as the sole basis for exemption and does not include the defect of geographical location. *Essex County Park Commission* v. *West Orange,* 77 *Id.* 575.

Considering the uniform judicial determinations that general statutes imposing taxes on property are inapplicable to the property of the state or its political subdivisions, the judgment of the Division of Tax Appeals exempting the instant land and building from taxation is affirmed, but without costs.

Mr. Justice Heher dissents.