# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARLETTA ROBBINS, | ) | |
| | ) | |
| v. | ) | C.A. No.: N25C-01-337 SSA |
| | ) | |
| TKO MANAGEMENT, LLC, | ) | |
| TKO SUITES, LLC, and | ) | |
| ISAAC ESSES, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 21, 2025
Decided: August 4, 2025

## MEMORANDUM OPINION

Arletta Robbins (hereinafter "Plaintiff") filed suit in this Court against TKO

Management, LLC ("TKO Management"), TKO Suites, LLC ("TKO Suites), and

Isaac Esses ("Esses").  Defendants have moved to dismiss Counts Two and Three

in their entirety and all Counts against Isaac Esses.

Motion to Dismiss is granted as to all claims against Isaac Esses, without

prejudice.  The Motion to Dismiss is granted as to Count Two, in its entirety.

The Motion to Dismiss is denied as to Count Three.

## *Factual Background*

Plaintiff entered into an at-will employment contract and later reported

concerns of wrongdoing by her supervisor and colleagues.  Plaintiff was then

terminated.  The Amended Complaint asserts her firing was a violation of the

Delaware Whistleblower's Protection Act ("DWPA"), constitutes a breach of contract, and a breach of the implied covenant of good faith and fair dealing.

TKO Management, LLC was a Virginia LLC that was canceled on August 31, 2022.[1] The LLC has been reinstated as of April 9, 2025, and "has otherwise complied with the applicable requirements of law.[2] The at-will employment contract was executed on May 29, 2024. Therefore, at the time of the contract, the LLC for TKO Management was in cancelled status.

The contract is signed by Esses, identified as President. The contract itself is on TKO Suites letterhead, but the signature block references TKO Management. According to the Amended Complaint, Plaintiff began work the same day the contract was executed.[3]

Problems arose almost immediately. Specifically, plaintiff alleges she was unknowingly conscripted into a scheme by other employees to engage in theft of mail and packages. Plaintiff alleges she confronted her co-workers once she understood the scope of the conduct. The Amended Complaint alleges this illegal conduct continued after confrontation. Plaintiff alleges her co-workers and supervisors created a hostile working environment in response to her raising concerns. By September, plaintiff took her concerns directly to Esses. She was

---

[1] Exhibit A to Amended Complaint.
[2] *Id.*
[3] Complaint p. 34.

terminated five days later. Paragraph 58 of the Amended Complaint alleges the employer falsified claims that Plaintiff sent emails to clients, "using [] former co-workers' emails without their permission."

### Standard of Review on a Motion to Dismiss

The standard by which this Court reviews a motion to dismiss filed pursuant to Superior Court Civil Rule 12(b)(6) is well-established. The Court must accept as true all well-pleaded allegations;[4] however, claims that are "clearly without merit" will be dismissed.[5] Further, the Court will not "accept conclusory allegations unsupported by specific facts."[6] A motion to dismiss shall be denied "unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[7] The Court must draw every reasonable factual inference in favor of Plaintiff.[8] The Court will address the Motions to Dismiss with these standards in mind.

---

[4]*Sterling Network Exchange, LLC v. Digital Phoenix Van Buren, LLC*, 2008 WL 2582920, at *4 (Del. Super. Mar. 28, 2008) (citing *Lesh v. Appriva*, 2006 WL 2788183, at *3 (Del. Super. June 15, 2006)).

[5]*Caldera Properties-Lewes/Rehoboth v. Ridings Dev., LLC*, 2008 WL 3323926, at *11 (Del. Super. June 19, 2008) (quoting *Wilmington Trust Co. v. Politzer & Haney, Inc.*, 2003 WL 1989703, at *2 (Del. Super. Apr. 25, 2003)).

[6] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011).

[7]*E.I. Du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super. Feb. 29, 2008) (citing *Atamian v. Gorkin*, 1999 WL 743663, at *5 (Del. Super. Aug. 13, 1999)).

[8] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531 (Del. 2011).

## *Defendant Esses*

The Amended Complaint charges that the charter and certificate of incorporation for TKO Management became "void and revoked and all powers [t]heretofore conferred upon the corporation [became] inoperative." The Amended Complaint quotes this language at ¶ 7 but did not provide a source. The Court sought to clarify this point during oral argument, and was advised by letter on July 9, 2025 that its source is the *Transpolymer Indus. V. Chapel Main Corp.* decision. *Transpolymer* is a case analyzing the effects of 8 Del. C. § 510, which applies to Delaware corporations, not LLCs. Here we are dealing with a Virginia LLC.

Virginia's Limited Liability Company Act provides for the automatic cancellation of an LLC that fails to pay its annual registration fee.[9] Plaintiff's response to the Court's inquiry prompted the Court to review the Virginia Code. Thereafter, the Court requested both parties address Va. Code Ann. § 13.1-1050.2(D), which pertains to limited liability companies and states "[n]o member, manager or other agent of a limited liability company shall have any personal obligation for any liabilities of the limited liability company, whether such liabilities arise in contact, tort, or otherwise, solely by reason of the cancelation of the limited liability company's existence pursuant to this section."

---

[9] Va. Code Ann. § 13.1-1050.2(A).

Plaintiff now agrees that dismissal against Esses is appropriate. Plaintiff has requested that this Court dismiss those claims without prejudice, so that she may transfer her case to the Court of Chancery—should she later seek to pursue a veil-piercing claim. All claims against Esses, individually, are dismissed without prejudice.

### *TKO Suites*

According to the Amended Complaint, TKO Suites is named as a Defendant on Count One only, which is the alleged violation of the DWPA.[10] Generally, the Act prohibits employers from retaliating against employees who report violations of the law. Defendant argues that this claim can only proceed against TKO Suites under a theory of veil-piercing. The Court disagrees. Under the DWPA, an "employer shall not discharge, threaten, or otherwise discriminate against an employee…"[11] The term "employer" is statutorily defined, in relevant part, as "[o]ne shall employ another if services are performed for wages or under any contract of hire, written or oral, express or implied."[12]

The amended complaint adequately pleads TKO Suites was plaintiff's employer. While the employment contract is signed by TKO Management, the

---

[10] See p. 14 and 16 of Amended Complaint.
[11] 19 Del. C. § 1703.
[12] 19 Del. C. § 1702(2).

letterhead for the contract itself is TKO Suites.[13]  Emails from Plaintiff's supervisor, which are attached to the Amended Complaint, reflect the domain name tkosuites.com.[14]  The Amended Complaint asserts Plaintiff was being considered for a promotion to run TKO Suites' office in Atlanta.[15]  At this stage, with this standard, and on these facts—dismissing Plaintiff's claim against TKO Suites as to Count One is not appropriate as Plaintiff has alleged sufficient facts such that the statutory definition of employer may encompass TKO Suites.

### *Breach of Contract*

With no claim for breach of contract asserted against TKO Suites and the claims against Esses dismissed, the Court turns to whether Count Two should be dismissed as against TKO Management.  As to Plaintiff's Breach of Contract claim, she asserts three contractual duties were breached:

1.  Unlawfully terminated Plaintiff in retaliation for her reporting her co-employees' wrongful conduct;

2. Subjected Plaintiff to a racially charged and hostile work environment in retaliation for her reporting her co-employees' wrongful conduct;

3. Threatened to falsely blame the theft of mail by other employees of Defendants and to report Plaintiff for stealing mail sent to Defendants' clients.[16]

---

[13] See Exhibit C to Amended Complaint.
[14] See Exhibits D and E to Amended Complaint.
[15] Amended Complaint ¶ 64-65.
[16] Amended Complaint at ¶ 79.

For a claim of breach contract, plaintiff must establish three elements:[17]

(1) a contract existed,

(2) breach of obligations imposed by the contract, and

(3) damages suffered

Certainly, a contract exists in this case. However, a diligent review of the four-page contract reveals the above-claimed breaches do not reflect contractual provisions. Even viewing the facts in the light most favorable to Plaintiff, this claim cannot be legally sustained. Count Two is dismissed.

### *Breach of the Implied Covenant of Good Faith and Fair Dealing*

Defendants have moved to dismiss Count Three, which is an alleged breach of the implied covenant of good faith and fair dealing against TKO Management.[18] The Amended Complaint alleges eight "material implied term[s]."[19] Essentially, plaintiff asserts that it was implied within her at-will contact that she would report wrongdoing without retaliation and that her employer would not falsely blame her for the unlawful actions of other employees.

Delaware law on the implied covenant of good faith and fair dealing as it relates to at-will employment contact stems from the Delaware Supreme Court

---

[17] *Geico General Insurance Company v. Green,* 308 A.3d 132, 139 (Del. 2022) *citing VLIW Tech., LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del. 2003).
[18] The Court notes that for Count One, plaintiff asserts claims against both TKO Suites and TKO Management but Count Three is limited as against TKO Management only.
[19] Amended Complaint p. 16-17.

decision in *Pressman*.[20] "Employment relationships are complex, ambiguous and, ultimately, personal….[t]his….counsels caution about creating causes of action based solely on personal motivations."[21] In *Pressman*, the Court reinforced the breadth of the at-will employment doctrine while narrowly construing the implied covenant of good faith and fair dealing within this context—"[t]he lodestar here is candor."[22] In its decision, the Court noted that the at-will employment doctrine has a long history, and the application of the implied covenant is limited to situations where the employer has engaged in "an aspect of fraud, deceit or misrepresentation."[23] *Pressman* outlined categories of conduct by employers which may constitute a breach of the implied covenant, under an at-will contract—

(1) Where the termination violates public policy;

(2) Where the employer misrepresented an important fact and the employee relied thereon either to accept a new position or remain in a present one;

(3) Where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and

(4) Where the employer falsified or manipulated employment records to create fictitious grounds for termination.[24]

---

[20] *E.I. DuPont de Nemours and Co. v. Pressman,* 679 A.2d 436 (1996).

[21] *Id*. at 444.

[22] *Id. citing Merrill v. Crothall-American, Inc.,* 60 A.2d 96 (1992).

[23] *Id.*

[24] *Addison v. East Side Charter School of Wilmington, Inc.,* 2014 WL 472895 (Del. Super.).

*Addison* was a matter for decision on summary judgment in this Court. Like this case, Addison claimed violations of the DWPA and the implied covenant of good faith and fair dealing. This Court dismissed Addison's claim, holding "[w]hen a claim for breach of the covenant of good faith and fair dealing is based on allegations of violating public policy, it cannot survive where it is preempted by a specific statute that grants relief."[25] On this point, Defendant argues "[i]n the Amended Complaint, only the public policy claim is potentially implicated."

The Court must review the amended complaint to determine which Pressman categories may be implicated. The public policy violation asserted in this case is preempted by the DWPA, as determined by *Addison*. However, the Amended Complaint asserts Plaintiff was falsely blamed for theft and that "fictitious" statements were made that plaintiff was terminated due to incompetence.[26] At this stage, the Court must draw all reasonable factual inferences in favor of plaintiff. The Court finds Plaintiff has sufficiently pled a violation of the implied covenant of good faith and fair dealing under the *Pressman* category of falsified or manipulated employment records designed to create fictitious grounds for termination.

---

[25] *Id*. at *7 *citing Crawford v. George & Lynch, Inc.,* 2012 WL 2674546 at *7 (D.Del.).
[26] Amended Complaint ¶ 86(e) and (h); see also ¶ 87.

**NOW, THEREFORE,** this 4th day of August, 2025, all claims against Defendant Esses are dismissed, without prejudice. Count Two, alleging breach of contract is dismissed, in its entirety. The Motion to Dismiss Count Three is denied.

**IT IS SO ORDERED**.

**/s/Sonia Augusthy**
Judge Sonia Augusthy